**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

**ROMPSEN MORTGAGE LIMITED PARTNERSHIP,**

**v.**                                                                       **Case No. 19 C 5610**

**SB WINNETKA, LLC, et al**

# *RECEIVER'S 1ˢᵗ REPORT TO THE COURT*





714-716 Elm Street, 718-732 Elm Street, 727 Elm Street, 740 Elm Street, 511 Lincoln Avenue, 513-515 Lincoln Avenue, Winnetka, Illinois 60093
The Honorable Judge Matthew F. Kennelly
Court Hearing – TO BE DETERMINED
Everett M. Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, IL 60604
*Prepared By:*

## *Ryan W. McNaughton*

*Ryan W. McNaughton – Receiver - Case No. 19 C 5610*
*rmcnaughton@rmh-llc.com*
*(630) 655-0559*
*Prepared on January 28, 2020*
*(10/11/2019– 1/28/2020)*

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROMPSEN MORTGAGE LIMITED PARTNERSHIP )
)
)
v. ) Case No. 19 C 5610
)
SB WINNETKA, LLC, et al. )

## PROOF OF SERVICE

I, the undersigned, certify that I served this notice by mailing a copy to the following addresses by regular U.S. mail or email on or before ***February 7, 2020***.

## SERVICE LIST

Jason DeJonker
BRYAN CAVE LEIGHTON PAISNER LLP
jason.dejonker@bclplaw.com

Peter Michael Friedman
Holland & Knight LLC
peter.friedman@hklaw.com

Joseph K. Nichele
lawyers@broida-law.com

John C. Lillig
Hoogendoorn & Talbot LLP
jlillig@htlaw.com

David Alan Kaufman
David A. Kaufman and Associates
klfm@rcn.com

Marisa K. Perry
Harris Winick Harris LLLP
mperry@hwhlegal.com

Edward Francis Malone
Barack Ferrazzano Kirschbaum & Nagelberg LLP
edward.malone@bfkn.com

Thomas R Fawkes
Goldstein & McClintock LLLP
tomf@goldmclaw.com

Jeffery Robert Beck
Brown Udell Pomerantz & Delrahim LTD
jbeck@bupdlaw.com

By: *Ryan W. McNaughton*

Ryan W. McNaughton, Receiver, Case No. 19 C 5610

To:      **IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

From:    **Receiver – Ryan W. McNaughton**

Re:       **NO. 19 C 5610**
             **1st Receiver's Report**

## OVERVIEW

TIME PERIOD OF REPORT
  a. 10/11/2019– 1/28/2020
B. ADDRESSES OF THE PROPERTY
  a. 714-716 Elm Street, Winnetka, Illinois 60093
  b. 718-732 Elm Street, Winnetka, Illinois 60093
  c. 727 Elm Street, Winnetka, Illinois 60093
  d. 740 Elm Street, Winnetka, Illinois 60093
  e. 511 Lincoln Avenue, Winnetka, Illinois 60093
  f. 513-515 Lincoln Avenue, Winnetka, Illinois 60093
C. TYPE DESCRIPTION OF PROPERTIES
  a. 714-716 Elm Street, Winnetka, Illinois 60093
    i. Property is a vacant single-story commercial retail building with all masonry exterior. Basement is unfinished. Property contains personal property inside unit 714 of current defendant and owner.
  b. 718-732 Elm Street, Winnetka, Illinois 60093
    i. Property is a vacant single-story commercial retail building with all masonry exterior. Basement is finished with garden level retail space.
  c. 727 Elm Street, Winnetka, Illinois 60093
    i. Property is a vacant 2-story commercial retail building with all masonry exterior. No basement exists and this building is currently mid-construction condition and through drywall finish.
  d. 740 Elm Street, Winnetka, Illinois 60093
    i. Property is a vacant 2-story commercial retail building with all masonry exterior. Basement is unfinished.
  e. 511 Lincoln Avenue, Winnetka, Illinois 60093
    i. Property is a vacant 2-story commercial retail building with all masonry exterior. Basement is unfinished. There is also a large below grade parking facility connected to the rear of this building.
  f. 513-515 Lincoln Avenue, Winnetka, Illinois 60093
    i. Property is a vacant 2-story commercial retail building with all masonry exterior.
D. PROPERTIES OCCUPIED
  a. 714-716 Elm Street, Winnetka, Illinois 60093
    i. Property is vacant.
  b. 718-732 Elm Street, Winnetka, Illinois 60093
    i. Property is vacant.
  c. 727 Elm Street, Winnetka, Illinois 60093
    i. Property is vacant.

d. 740 Elm Street, Winnetka, Illinois 60093
   i. Property is vacant.
e. 511 Lincoln Avenue, Winnetka, Illinois 60093
   i. Property is vacant.
f. 513-515 Lincoln Avenue, Winnetka, Illinois 60093
   i. Property is vacant.

E. GENERAL CONDITION OF THE PROPERTIES
   a. 714-716 Elm Street, Winnetka, Illinois 60093
      i. Property is in broom swept condition but does contain roof and leak issues causing mold problems on the interior. Property interior has personal property of defendant in unit 714.
   b. 718-732 Elm Street, Winnetka, Illinois 60093
      i. Property is in broom swept condition but does contain roof and leak issues causing mold problems on the interior.
   c. 727 Elm Street, Winnetka, Illinois 60093
      i. Property is in decent condition and is broom swept. Property is mid construction finish through drywall.
   d. 740 Elm Street, Winnetka, Illinois 60093
      i. Property is in broom swept condition but does contain roof and leak issues causing mold problems on the interior.
   e. 511 Lincoln Avenue, Winnetka, Illinois 60093
      i. Property is in broom swept condition but does contain roof and leak issues causing mold problems on the interior
   f. 513-515 Lincoln Avenue, Winnetka, Illinois 60093
      i. Property is in broom swept condition but does contain roof and leak issues causing mold problems on the interior

F. STATUS OF INSURANCE
   a. Please find the attached current insurance for the building for property coverage and GL.

G. STATUS OF PROPERTY TAXES (See attached Exhibit)
   a. 714-716 Elm Street, Winnetka, Illinois 60093
      i. 2018 property taxes payable in 2019 are paid in full.
      ii. 2019 property taxes payable in 2010 1st installment are not paid at this time and now due until March 3, 2020.
      iii. Please note 2017 property taxes have been sold via tax sale.
   b. 718-732 Elm Street, Winnetka, Illinois 60093
      i. 2018 property taxes payable in 2019 are paid in full.
      ii. 2019 property taxes payable in 2010 1st installment are not paid at this time and now due until March 3, 2020.
      iii. Please note 2017 property taxes have been sold via tax sale.
   c. 727 Elm Street, Winnetka, Illinois 60093
      i. No tax records available on Cook County Treasurer website at this address.
   d. 740 Elm Street, Winnetka, Illinois 60093
      i. 2018 property taxes payable in 2019 are paid in full.
      ii. 2019 property taxes payable in 2010 1st installment are not paid at this time and now due until March 3, 2020.
      iii. Please note 2017 property taxes have been sold via tax sale.
   e. 511 Lincoln Avenue, Winnetka, Illinois 60093
      i. No tax records available on Cook County Treasurer website at this address.
   f. 513-515 Lincoln Avenue, Winnetka, Illinois 60093

          i. 2018 property taxes payable in 2019 are paid in full.

         ii. 2019 property taxes payable in 2010 1st installment are not paid at this time and now due until March 3, 2020.

       iii. Please note 2017 property taxes have been sold via tax sale.

H. STATUS OF MUNICPAL VIOLATIONS

    a. Receiver was informed and has been in attendance at the municipal litigation pending in Cook County (Case 2019 M2 002942) before the Honorable Judge James L. Allegretti. Receiver is working with Winnetka Code Enforcement and Winnetka Fire Department on installing fire protection systems to monitor the real estate in case of a fire. The system will function via heat detectors that can still function in times of extreme cold.

I. INSPECTIONS CONDUCTED DURING THE RECEIVER PERIOD

    a. Receiver or receiver agent have conducted several site visits and inspections during this reporting period. See exhibit C for details on site visits.

J. DEFENDANT COMPLIANCE WITH ORDER APPOINTING RECEIVER

    a. The Defendant has been cooperative in providing required turnover information to the receiver to assist with the management of the building.

K. PROPERTY SECURITY

    a. All building keys were provided to receiver and receiver engaged a locksmith to get rekey each to make complete sets to each building. All keys have been provided to the Village of Winnetka Fire Department for access.

## CONDITIONS OF PROPERTY

A. REPAIRS MADE DURING PERIORD

    a. Snow removal at public walkways

    b. HVAC service at 727 Elm Street.

    c. Continuing heat detection and monitoring systems for all buildings.

B. FUTURE REPAIRS TO BE MADE

    a. Continued snow removal.

    b. Finalization of heat detection and monitoring systems for all buildings.

## RENT AND TENANT ISSUES

A. NUMBER OF UNITS OCCUPIED/VACANT/CURRENT RENTS

    a. N/A all properties are vacant.

B. 5 DAY NOTICES HAVE BEEN SENT

    a. N/A all properties are vacant.

C. INTENT TO FILE FOR EVICTION

    a. N/A all properties are vacant.

D. STATUS ON EVICTION COURT PROCEEDINGS, IF ANY

    a. N/A all properties are vacant.

## RECEIVER FEES & EXPENSES

A. SET HOURLY RATE FOR RECEIVER

    a. $150.00 per hour for Receiver Principal.

    b. $95.00 per hour for Receiver Project Manager/superintendent.

B. NUMBER OF HOURS RECEIVER IS CHARGING FOR THIS PERIOD

    a. 42.60 Hours for Receiver Principal at Rate of $150.00, total fees of $6,390.00

    b. 24.50 Hours for Receiver Project Manager at Rate of $95.00, total fees of $2,327.50

    c. Total Fees, **$8,717.50**

C. FEE DETAIL ON TIME CHARGED

    a. See attached Exhibit C for a detailed schedule of fees.

D. EXPENSES DETAIL REPORT (Receiver "Out Of Pocket" Expenses)

| RECEIVER EXPENSES SCHEDULE - OUT OF POCKET - 1st Receivers Report | | | | |
|---|---|---|---|---|
| Date | Task | Cost | 10% Mark Up | Total |
| 10/17/2019 | Parking | $ 15.00 | | $ 15.00 |
| 10/23/2019 | Receivers Bond | $ 150.00 | | $ 150.00 |
| 11/4/2019 | Admiral Locksmith | $ 459.09 | | $ 459.09 |
| 12/26/2019 | Builders Heating and Cooling - HVAC Service at 727 Elm St. Winnetka, IL | $ 855.00 | | $ 855.00 |
| 1/15/2020 | Parking | $ 33.00 | | $ 33.00 |
| | | **Subtotal Expenses** | | $ 1,512.09 |

    a.  See attached Exhibit C for a detailed schedule of expenses and copies of invoices/expenses. Total "Out of Pocket" Expenses, **$1,512.09**

E.  TOTAL RECEIVER FEES/EXPENSES THIS PERIOD, **$10,229.59**

## MANAGEMENT FEES
    A.  AMOUNT CHARGED
        a.  N/A
    B.  DUTIES/RESPONSIBILITIES
        a.  N/A
    C.  MONTHLY MEETINGS
        a.  N/A
    D.  SERVICES OUTSIDE NORMAL DUTIES
        a.  N/A

## MAINTENANCE AND SECURITY
    A.  MAINTENANCE PERSONNEL
        a.  N/A
    B.  DETAIL OF MAINTENANCE PERFORMED DURING PERIOD
        a.  N/A
    C.  SECURITY PERSONNEL
        a.  N/A

## ACCOUNTS AND DISBURSEMENTS
    A.  SEPARATE OPERATING ACCOUNT SET UP FOR RECEIVERSHIP
        a.  Receiver has opened a receiver operating account at Hinsdale Bank and Trust to pay for various expenses of maintenance, utilities, and the fire alarm monitoring services of the collateral that is funded by the Plaintiff.
    B.  AMOUNT IN OPERATING ACCOUNT
        Current balance in receiver operating account as of 1/29/2020, $35,573.91
    C.  DISBURSEMENTS IN RECEIVER OPERATING ACCOUNT
        a.  See attached Profit and Loss for this pay period for all expenses paid from operations during this period.

## BILLS
    A.  UNPAID OR DISBUTED BILLS
        a.  N/A

DATED at Hinsdale, Illinois this 28th January 2020.

Yours Truly,

*Ryan W. McNaughton*

Ryan W. McNaughton
Receiver – Case NO. 19 C 5610

## *EXHIBITS INDEX*

*EXHIBIT A - ORDER APPOINTING RECEIVER*

*EXHIBIT B - RECEIVER BOND*

*EXHIBIT C- TIME AND EXPENSE SUMMARY*

*EXHIBIT D- PROPERTY TAX STATUS AND INSURANCE*

*EXHIBIT E –PROFIT & LOSS*

*EXHIBIT A - ORDER APPOINTING RECEIVER*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Romspen Mortgage Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>SB Winnetka, LLC; SB One Winnetka, LLC; David M. Trandel; T2 Winnetka I, LLC; Sowlat Engineers, P.C. d/b/a Sowlat Structural Engineers; Fox Valley Fire & Safety Co.; JAR Corp a/k/a Paint Jar Inc.; Okrent Kisiel Associates, Inc.; Lucien LaGrange Studio, LLC; Evans Construction/Consulting LLC; Village of Winnetka; Signature Bank; and Unknown Owners and Unknown and Non-Record Claimants,<br><br>Defendants. | No. 19 C 5610<br><br>Judge Matthew F. Kennelly<br><br>Property: 714-716 Elm Street, Winnetka, Illinois 60093; 718-732 Elm Street, Winnetka, Illinois 60093; 736 Elm Street, Winnetka, Illinois 60093; 740 Elm Street, Winnetka, Illinois, 60093; 511 Lincoln Avenue, Winnetka, Illinois, 60093; 513-515 Lincoln Avenue, Winnetka, Illinois 60093.<br><br>**NON-RESIDENTIAL** |

## AMENDED AGREED ORDER GRANTING MOTION FOR APPOINTMENT OF RECEIVER

Upon consideration of the Motion for Appointment of Receiver (the "Receiver Motion"), requesting entry of an order pursuant to 735 ILCS 5/15-1701(b)(2), 5/15-1702(a) & (b), and 5/15-1706(a), filed by Romspen Mortgage Limited Partnership ("Lender") in the above-captioned case;[1] the Court having jurisdiction to hear and determine the Receiver Motion; and after due deliberation and consideration of the Receiver Motion; there being good cause to grant the relief requested therein and provided for herein;

THE COURT FINDS that:

1.     Defendants SB Winnetka, LLC ("SB Winnetka") and SB One Winnetka, LLC

---

[1]     Terms not otherwise defined herein shall have the same meaning as set forth in Lender's Verified Complaint for Mortgage Foreclosure and Other Relief (the "Complaint").

("SB One," and together with SB Winnetka, "Borrowers") own the real properties located at 714-716 Elm Street, Winnetka, Illinois 60093; 718-732 Elm Street, Winnetka, Illinois 60093; 736 Elm Street, Winnetka, Illinois 60093; 740 Elm Street, Winnetka, Illinois 60093; 511 Lincoln Avenue, Winnetka, Illinois, 60093; 513-515 Lincoln Avenue, Winnetka, Illinois 60093 (collectively, the "Properties"). Legal Descriptions for the Properties are attached hereto as Exhibit A.

2.    Defendant SB Winnetka executed and delivered to Lender that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated February 15, 2017, and recorded with the Cook County Recorder of Deeds on February 16, 2017, as Document No. 1704719194 ("Mortgage A"), granting a lien on certain of the Properties to secure SB Winnetka's obligations to Lender under a Promissory Note dated February 15, 2017 (the "Note").

3.    Defendant SB One executed and delivered to Lender that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated February 15, 2017, and recorded with the Cook County Recorder of Deeds on February 16, 2017, as Document No. 1704719193 ("Mortgage B," and together with Mortgage A, the "Mortgages"), granting a lien on certain of the Properties to secure SB One's obligations to Lender under the Note.

4.    The Properties are not occupied by Borrowers or any of the other Defendants as a principal residence.

5.    Lender has established on an interlocutory basis that, pursuant to the terms of the Mortgages, and 735 ILCS 5/15-1701(b)(2) and 5/15-1702(a) & (b), and 5/15-1706(a), Lender is entitled, based upon its request, to have a receiver appointed to control,

2

possess, maintain and operate the Properties during the pendency of the foreclosure proceeding until such receiver is discharged or relieved by order of the Court, without prejudice to any defenses Borrowers may present.

6. Ryan McNaughton of Ryan McNaughton Holdings, LLC ("Receiver"), is qualified to act as the receiver of the Properties in this action.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that:

1. Receiver is appointed the receiver in this action to take possession of, manage and operate the real estate and improvements located at the Properties and to do any other acts he deems proper to protect and maintain the Properties as provided under 735 ILCS 5/15-1704, and to collect any rents, issues, income, profits, receivables and proceeds thereof, to apply the same to the payment of all amounts required in the Receiver's judgment for the preservation thereof, to pay any excess receipts (i.e. gross income after payment of operating expenses and establishment of a reasonable operating reserve) to Lender. Receiver is specifically authorized to operate and maintain the Properties. Receiver is authorized to use existing employees, to hire additional employees, or to use his own employees as necessary or appropriate for the maintenance and operation of the Properties.

2. Receiver may demand and collect from any person or entity liable therefore all rents, income, accounts receivable and other amounts now due and unpaid, and all income from any time period, accounts receivable and other amounts thereafter to become due.

3. Until further notice of the Court, any person or entity liable therefore, is hereby directed to pay Receiver, all rents, income, accounts receivable, deposits of any kind

(including security and utility), tax appeals refunds, insurance claim proceeds, or other amounts due or hereafter to become due and are hereby enjoined from doing otherwise.

4.  To the extent that the funds available from the income collected are insufficient to allow Receiver to manage, operate, protect and maintain the Properties in accordance with its duties under this Order, Lender, in its sole discretion and upon notice to Borrowers and David M. Trandel ("Guarantor," and together with Borrowers, the "Loan Parties"), may make additional advances (the "Protective Advances") under the Loan Documents upon Receiver's request. Such Protective Advances shall be added to the Indebtedness and shall accrue interest in accordance with the terms of the Loan Documents. Neither Receiver nor his agents are obligated to fund any expenses of the Properties with their own funds.

5.  Receiver shall reasonably maintain the Properties, prevent waste, and make all necessary repairs of an ordinary nature to maintain the Properties in good order.

6.  Borrowers shall retain the right to negotiate with any and all interested persons concerning use of the Properties or, if permitted by applicable law, may enter into leases or tenancy agreements in the ordinary course of business; provided that any such leases or tenancy agreements shall be expressly subject to the Assignment of Leases and Rents granted to Lender, and shall be subject to any approvals of Lender required under the Loan Documents; and further provided that all leases or tenancy agreements or agreements outside the ordinary course of business shall be made with Court approval.

4

600682802

7.     Receiver may, in consultation with Lender, institute and prosecute suits or summary proceedings: (a) for the collections of rents, income or other amounts; or (b) otherwise related to the Properties, or the other duties imposed upon Receiver by this Order, including, without limitation, to evict tenants in breach of their lease agreements in accordance with the terms of such lease agreements and applicable law.  Receiver may defend against any legal action brought against it in its capacity as Receiver against or pertaining to the Properties.  All costs and expenses arising from or in connection with such legal actions or suits shall be operating expenses of the receivership estate.

8.     Receiver is authorized, in consultation with Lender, to employ any assistants, servants, agents, property managers, accountants, counsel or other professionals deemed necessary or desirable to assist Receiver in diligently executing the duties imposed upon Receiver in this Order including, but not limited to, such agents or broker deemed necessary to pursue a sale of the Properties.

9.     Borrowers shall add Receiver its affiliates and agents as additional insureds under its existing property, liability and employees insurance for the Properties in connection with Receiver's duties hereunder in such amount to insure against such risks as Receiver deems necessary.

10.     If Borrowers do not provide evidence to Receiver that Receiver has been added to its existing insurance as required in this Paragraph 10 within three (3) days of the date of this Order, or if Borrowers at any time allows their existing insurance coverage to lapse in effectiveness or amount of coverage, Receiver may, without further act of or notice to this Court, immediately obtain insurance for the Properties in connection with Receiver's duties hereunder in such amount, with such companies and to insure against

5

such risks as Receiver deems necessary, provided, however, any party in interest, including

Lender, may petition the Court to review and order Receiver to modify such insurance

coverage. Such insurance coverage may be allowed for the premiums to be financed.

11.     Loan Parties and any operator(s) of the Properties, their agents, and

employees shall make available, turn over and/or provide to Receiver, within three (3)

days of the date of this Order, any and all records and information it or they may have

concerning the current use of the Properties, including without limitation, all records and

other information related to: (a) any lease or tenancy agreements to which the Properties

are or may be subject; (b) a current rent roll; (c) any amounts paid by tenants; (d) all liens

or other encumbrances on the Properties; (e) property taxes and property tax appeals;

(f) insurance of all types, including property (replacement cost, special, boiler & machinery,

business interruption, law and ordinance, TRIA) and liability (G/L, auto, Excess as well as

workmen's comp/employers liability/EPLI), related to the Properties; (g) all accounts

payable and receivable pertaining to the Properties; (h) all accounts at financial institutions

for income derived from lessees or insurers of, or otherwise related to, the Properties; (i) a

list by case name and number of all current litigation or regulatory proceedings that

involve the Properties; and (j) all other aspects of the Properties that are or may be

necessary or pertinent to Receiver's operation or management of the Properties or the

performance of any power or duty granted by this Order, including, without limitation:

(i) delivering all keys and security and/or alarm codes necessary for access to the

Properties and passwords, user IDs, website access; (ii) delivering all documents relating to

the development, management and operation of the Properties including, without

limitation, contracts, agreements, proposals, purchase orders, correspondence;

6

(iii) delivering all documents that relate to liens or other encumbrances placed on the Properties as well as any code violations of any kind; (iv) delivering all documents that relate to any current or former employee or other person or entity who performed services at the Properties; and (v) delivering all documents that relate to the Properties' condition and maintenance or relating to persons employed or hired to maintain, secure or repair the Properties. Neither Receiver nor his agents shall have any liability for any employee compensation, benefits, paid time off and the like accrued prior to the receivership.

12.     Borrowers and any operator of the Properties, their agents and employees shall turn over to Receiver, within three (3) days of the date of this Order, all sums in existence on the date hereof, or which later come under their possession or control, derived from the Properties, including, but not limited to: (a) all cash on hand; (b) all cash equivalents and negotiable instruments (such as checks, notes, drafts, or other related documents or instruments); and (c) all sums held in accounts at any financial institutions including, but not limited to; (i) tenant/lessee security deposits and utility deposits; (ii) deposits held in escrow for any purpose, such as the payment of property taxes (including all tax appeal refunds) and insurance premiums; (iii) proceeds of insurance that are maintained on or would pertain to the Properties including claims and refunds; (iv) rent and prepaid rent; (v) funds designated or intended for capital improvements, repairs, renovations to or in connection with the Properties; and (vi) all other sums of any kind derived from the use, enjoyment, possession, improvement or occupancy of all or any portion of the Properties. Furthermore, from the date of this Order, Borrowers and any operator of the Properties, their agents, and employees shall not use any sums in existence on the date hereof, or which later come under their possession or control, derived from the

7

Properties, as described in paragraph 11 of this Order, without prior consent of Lender.

13.     If there is income from the Properties, Receiver may pay out of such income collected any and all outstanding obligations to suppliers or other creditors who have previously supplied materials, business supplies and/or labor (collectively "Suppliers") to or for the benefit of the Properties, but only to the extent Receiver shall determine that it is prudent to do so in order to maintain the business relationships with such Suppliers for the benefit of the preservation of the Properties and only upon application of this Court with notice to all parties. Notwithstanding the foregoing, Receiver may pay Suppliers without Court approval if (a) an emergency exists and (b) Receiver reasonably believes it is necessary to make such payment in order to maintain or preserve the Properties, including, without limitation, to remediate or make repairs to the Properties at the request or direction of the Village of Winnetka.

14.     Receiver, in consultation with Lender and Borrowers, may: (a) enter into listing or marketing agreements for the sale of the Properties; (b) terminate any existing listing or marketing agreements for the sale of the Properties; (c) enter into any sales contracts; or (d) terminate any sales contracts with written prior approval by Lender and consent of the Court. To the extent Receiver does not seek to sell the Properties or enter into a listing agreement (or similar arrangement with a broker), then Borrowers may use reasonable efforts to market and sell the Properties, including the entry into listing or marketing agreements, provided that the Borrowers shall first consult with Receiver and obtain the approval of Lender, which shall not be withheld unreasonably, and further provided that such efforts shall not conflict with efforts being taken by the Receiver.

15.     Receiver is authorized and directed to pay any excess receipts (*i.e.*, gross

income after the payment of operational expenses and establishment of an operating reserve in the amount of two (2) months of operating expenses and escrows for taxes, insurance and deferred maintenance) to Lender, which shall be applied to the Indebtedness.

16.     Receiver is directed to prepare and file with the Court for its approval, within ninety-seven (97) days after the date of this Order, and no less frequently than ninety (90) days thereafter, so long as any part of the Properties remains in its possession, and on or within ninety (90) days after termination of the receivership, a full and complete report, under oath, setting forth all receipts and disbursements and reporting all acts and transactions regarding the execution of the trust of his office as such Receiver, including a current inventory of the funds, assets and property remaining in its possession, all interest in and claims against the same, a current rent roll and current and anticipated income therefrom, and all debts and obligations contracted and expenditures made by it and the reasons therefore, and stating and explaining all changes in the assets and the charges that have occurred during the period covered by the account. Receiver is further directed to serve copies thereof on all named defendants or their attorneys of record, as well as on Lender, providing such information is provided to Receiver. Each report shall be submitted for Court approval by motion either on a noticed date or on a previously set status date.

17.     With the consent of Lender, Receiver may authorize necessary improvements to the Properties not to exceed $25,000.00, without further order of, or notice to, the Court.

18.     It is further ordered that Receiver shall be compensated pursuant to the fee schedule attached as Exhibit "D" to the Receiver Motion for his/their efforts as an ordinary and necessary current operating expense. Receiver shall be compensated at an hourly rate

9

of $150.  Pursuant to 735 ILCS 5/15-1704(c), the Court may adjust Receiver's fees as it deems appropriate.  Receiver shall also be reimbursed for out-of-pocket costs advanced by Receiver to the extent such costs directly relate to Receiver's duties hereunder; provided, however, that the Receiver must obtain written approval from Lender prior to incurring any single cost or expense in excess of $5,000, unless such cost or expense is deemed by Receiver to be an emergency, in which case Receiver shall promptly provide Lender with notice and full explanation of such emergency cost or expense.

19.    Fees of Receiver and such advances shall be added to the total Indebtedness owed to Lender pursuant to Sections 6.1 and 10.4 of the Mortgage.  Receiver's fees may not be adjusted except upon the approval of the Court.  Receiver shall file with the Court, along with his quarterly report, a summary of Receiver's fees and expenses including the demand for payment, the time incurred and the tasks performed.  After filing and service of the report upon all parties, all parties in interest shall have seven (7) days to file an objection to payment of Receiver's fees and expenses and shall request a hearing to determine the issues raised in the objection.  If an objection is filed, the Court will then schedule a hearing no less than two weeks after such objection is filed to consider Receiver's application for payment.  If a party files an objection, such objection must be set forth in writing and timely filed with the Court and served on counsel for all parties or, if no counsel has appeared, to the parties.  If no objection is timely filed, and subject to the Court's approval, Receiver shall pay himself out of any profits held by Receiver.

20.    Neither Lender nor Receiver shall be liable for any obligation of Loan Parties relating to the Properties that arose prior to entry of this Order, including, without limitation, any contingent or unliquidated obligations, nor shall Lender or Receiver be

10

Case: 1:19-cv-05610 Document #: 61 Filed: 10/23/19 Page 11 of 17 PageID #:1909

obligated to advance any of its own funds to pay any expense of maintenance or other liability of the Properties. Notwithstanding the foregoing, should Lender decide, in its discretion and upon notice to Loan Parties, to advance funds to maintain or preserve the Properties, the repayment of all such funds advanced shall be secured by the Mortgage, and shall be added to any judgment entered in this, or any related action. Neither Lender nor Receiver shall be liable to any person or entity for any claims, actions, or causes of action arising out of or relating to events or circumstances occurring prior to the entry of this Order, including, without limitation, claims arising from the performance of services by a third party for or on behalf of any Defendant, or claims to which any Defendant is currently or ultimately be exposed under applicable laws pertaining to the ownership, use or operation of the Properties or any of Loan Parties' business. Receiver shall not have any obligation for filing income tax returns for Loan Parties. However, upon written request, Receiver shall provide Loan Parties with information necessary to complete their tax returns related to the operations of the Properties.

21.     Neither Receiver nor his agent(s) shall in any event be liable to any person or entity for any action by Receiver or his agent(s), or their failure to act, except where the Receiver or agent(s) act with gross negligence and willful misconduct. Any party wishing to make a claim against Receiver or his agent(s) must secure the approval of the Court overseeing this case under the Federal Barton Doctrine.

22.     The statutory bond required by 735 ILCS 5/2-415 is set at $25,000.00.

23.     The Receiver shall immediately assume his duties upon entry of this Order, and shall have ten (10) days from the date of this Order to post the bond required in this Order.

11

Date: October 23, 2019

Honorable Matthew F. Kennelly
United States District Court Judge

12

## EXHIBIT A

PARCEL 1:

THE EAST 106 FEET OF THE WEST 109 FEET OF THE NORTH 251 FEET OF BLOCK 24 OF WINNETKA, BEING A SUBDIVISION OF THE NORTH EAST QUARTER OF SECTION 20 AND THE NORTH HALF OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THEREFROM THE NORTH 40 FEET TAKEN FOR ELM STREET) ALSO (EXCEPT THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON WEST LINE OF SAID EAST 106 FEET AT A DISTANCE OF 85 FEET SOUTH OF SOUTH LINE OF ELM STREET THENCE EAST PARALLEL WITH SOUTH LINE OF ELM STREET 10 FEET THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106 FEET A DISTANCE OF 45.84 FEET TO THE NORTH WALL OF A ONE STORY BRICK BUILDING; THENCE WEST ALONG NORTH WALL OF SAID BRICK BUILDING 10 FEET TO WEST LINE OF SAID EAST 106 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106 FEET A DISTANCE OF 46 FEET TO PLACE OF BEGINNING) ALSO (EXCEPT THAT PART THEREOF DESCRIBED AS FOLLOWS:

BEGINNING AT SOUTH WEST CORNER OF THE ABOVE DESCRIBED PROPERTY AND RUNNING THENCE NORTH ALONG WEST LINE THEREOF 46.35 FEET TO INTERSECTION WITH A CURVED LINE OF 1163 FOOT RADIUS CONVEX NORTHEASTERLY; THENCE SOUTHEASTERLY ALONG SAID CURVED LINE OF 1163 FOOT RADIUS, 25.88 FEET, AS MEASURED ALONG THE CHORD TO A POINT OF REVERSE CURVE; THENCE SOUTHERLY ALONG A CURVED LINE OF 1087 FEET RADIUS CONVEX SOUTHWESTERLY 25.69 FEET MEASURED ALONG THE CHORD TO A POINT IN SOUTH LINE OF AFORESAID EAST 106 FEET OF WEST 109 FEET OF THE NORTH 251 FEET OF BLOCK 24 WINNETKA, 22.26 FEET EAST OF THE SOUTHWEST CORNER THEREOF AND THENCE WEST ALONG SAID SOUTH LINE 22.26 FEET TO PLACE OF BEGINNING) ALSO, THE EAST 54 FEET OF THE WEST 163 FEET OF THE NORTH 211 FEET OF THAT PART OF BLOCK 24 OF CHARLES E. PECK'S SUBDIVISION LYING SOUTH OF THE SOUTH LINE OF ELM STREET IN WINNETKA IN FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2:

EASEMENT FOR THE BENEFIT OF PARCEL 1 CREATED BY GRANT FROM KATHARINE ROACH JACKSON AND HER HUSBAND TO AYRES BOAL, JR., AS TRUSTEE UNDER LAST WILL AND TESTAMENT OF LESLEY J . BOAL, DECEASED, DATED DECEMBER 4, 1950 AND RECORDED DECEMBER 4, 1950 AS DOCUMENT 14965696 AND FILED IN REGISTRAR OFFICE OF COOK COUNTY, ILLINOIS ON DECEMBER 4, 1950 AS DOCUMENT LR1329741 FOR LIGHT AND AIR AND FOR INGRESS AND EGRESS FOR PEDESTRIAN USE ONLY (INCLUDING RIGHT TO OPEN

13

WINDOWS IN ANY PRESENT OR FUTURE WALLS ON GRANTEE'S PROPERTY ADJOINING) OVER THAT PORTION OF LOT 1 AND AN EASEMENT FOR UNDERGROUND PUBLIC UTILITIES UNDER SAID PORTION OF LOT 1 DESCRIBED AS FOLLOWS: THAT PORTION OF LOT 1 IN PROUTY'S HOMESTEAD SUBDIVISION OF PARTS OF BLOCKS 24 AND 25 OF WINNETKA, A SUBDIVISION OF THE NORTHEAST QUARTER OF SECTION 20 AND THE NORTH HALF OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT ON EAST LINE OF LOT 1, 131 FEET SOUTH OF SOUTH LINE OF ELM STREET, THENCE SOUTH ALONG EAST LINE OF SAID LOT 1, 33.65 FEET TO NORTHWESTERLY LINE OF LINCOLN AVENUE; THENCE NORTHWESTERLY ALONG NORTHEASTERLY LINE OF LINCOLN AVENUE A DISTANCE OF 37.83 FEET TO A POINT DUE WEST OF THE PLACE OF BEGINNING; THENCE EAST PARALLEL WITH SOUTH LINE OF ELM STREET A DISTANCE OF 17.29 FEET TO PLACE OF BEGINNING), IN COOK COUNTY, ILLINOIS

PARCEL 3:

THAT PART OF LOT 1 IN PROUTY HOMESTEAD SUBDIVISION OF ALL OF BLOCKS 24 AND 25, LYING NORTHEASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD, EXCEPT THE NORTH 211.00 FEET OF SAID BLOCK 24, ALSO THE WEST 3.00 FEET OF THE NORTH 211.00 FEET OF SAID BLOCK 24, ALL IN WINNETKA, A SUBDIVISION BY CHARLES E. PECK OF THE NORTHEAST 1/4 OF SECTION 20, AND THE FRACTIONAL NORTH 1/2 OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING IN THE NORTH LINE OF SAID LOT, 197.85 FEET EAST OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG SAID NORTH LINE 10.00 FEET TO THE NORTHEAST CORNER OF SAID LOT; THENCE SOUTH ALONG THE EAST LINE OF SAID LOT TO A POINT 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211.00 FEET OF BLOCK 24 AFORESAID; THENCE NORTHWESTERLY ALONG A CURVED LINE CONVEX TO THE NORTHEAST, WITH A RADIUS OF 1163.00 FEET, 105.94 FEET TO THE INTERSECTION OF SAID CURVED LINE, WITH A LINE DRAWN 72.00 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT AT A POINT 51.15 FEET WEST OF THE EAST LINE OF SAID LOT; THENCE EAST ALONG SAID PARALLEL LINE, 41.15 FEET; THENCE NORTH PARALLEL WITH SAID EAST LINE TO THE PLACE OF BEGINNING, IN THE VILLAGE OF WINNETKA, IN COOK COUNTY, ILLINOIS.

PARCEL 4:

THAT PART OF THE EAST 106.00 FEET OF THE WEST 109.00 FEET OF THE NORTH 251.00 FEET (EXCEPT THE NORTH 40.00 FEET TAKEN FOR ELM STREET) OF BLOCK 24 IN WINNETKA, BEING A SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 20 AND THE NORTH 1/2 OF FRACTIONAL SECTION 21, TOWNSHIP 42

14

NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WEST LINE OF SAID EAST 106.00 FEET AT A DISTANCE OF 85.00 FEET SOUTH OF THE SOUTH LINE OF ELM STREET; THENCE EAST PARALLEL WITH THE SOUTH LINE OF ELM STREET, 10.00 FEET; THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 45.84 FEET TO A POINT; THENCE WEST 10.00 FEET TO THE WEST LINE OF SAID EAST 106.00 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 46.00 FEET TO THE PLACE OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS. PARCEL 5:

EASEMENT FOR THE BENEFIT OF THE ABOVE PARCEL AS CREATED BY DEED FROM AYRES BOAL JR., TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF LESLEY J. BOAL, DECEASED, TO KATHERINE ROACH JACKSON DATED DECEMBER 4,1950 AND RECORDED DECEMBER 4, 1950 AS DOCUMENT 14965695 FOR INGRESS AND EGRESS, LIGHT AND AIR OVER A STRIP OF LAND 4.00 FEET WIDE, AND FOR UNDERGROUND PUBLIC UTILITIES UNDER SAID 4.00 FEET STRIP, WHICH 4.00 FEET STRIP IS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WEST LINE OF SAID EAST 106.00 FEET AT A DISTANCE OF 81.00 FEET SOUTH OF AND PARALLEL TO THE SOUTH LINE OF ELM STREET; THENCE EAST PARALLEL WITH THE SOUTH LINE OF ELM STREET, A DISTANCE OF 14.00 FEET; THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 49.81 FEET TO A POINT; THENCE WEST, A DISTANCE OF 4.00 FEET; THENCE NORTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 45.84 FEET; THENCE WEST PARALLEL WITH THE SOUTH LINE OF ELM STREET, 10.00 FEET TO THE WEST LINE OF SAID EAST 106.00 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 4.00 FEET TO THE POINT OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 6:

THE EAST 55.4 FEET OF THE WEST 218.4 FEET OF THE NORTH 211 FEET OF THAT PART OF BLOCK 24 LYING SOUTH OF ELM STREET IN THE VILLAGE OF WINNETKA IN SECTION 20 AND SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 7:

THAT PART OF LOT 16 (EXCEPT THE EAST 40 FEET THEREOF) DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF LOT 16, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 108.63 FEET TO THE POINT OF BEGINNING, THENCE CONTINUING WEST ALONG THE SOUTH LINE OF LOT 16, A DISTANCE OF 41.37 FEET, TO THE WEST LINE OF SAID LOT 16, THENCE

NORTH ALONG THE WEST LINE OF SAID LOT 16, A DISTANCE OF 100 FEET, TO THE NORTH LINE OF SAID LOT 16, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 16, A DISTANCE OF 61.47 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16 A DISTANCE OF 44.18 FEET, THENCE WEST AND PARALLEL TO THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 20.10 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16, A DISTANCE OF 55.82 FEET TO THE SOUTH LINE OF SAID LOT 16, BEING ALSO A POINT OF BEGINNING ALL IN MCGUIRE AND ORR'S ARBOR VITAE ROAD SUBDIVISION OF BLOCK 4 AND THAT PART OF BLOCK 5 LYING EAST OF THE EAST LINE OF LINCOLN AVENUE IN WINNETKA, A SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 20, AND THE NORTH FRACTIONAL 1/2 OF SECTION 21, TOWNSHIP 42 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 8:

EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 7 AS CONTAINED IN THE MUTUAL EASEMENT AGREEMENT AND MUTUAL GRANT OF EASEMENT RECORDED NOVEMBER 29, 2016 AS DOCUMENT 1633449394 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 9:

LOT 1 IN PROUTY HOMESTEAD SUBDIVISION OF ALL OF BLOCKS 24 AND 25, LYING NORTHEASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD, EXCEPT THE NORTH 211 FEET OF SAID BLOCK 24 ALSO THE WEST 3 FEET OF THE NORTH 211 FEET OF SAID BLOCK 24, ALL IN WINNETKA, A SUBDIVISION BY CHARLES E. PECK OF THE NORTHEAST 1/4 OF SECTION 20, AND THE FRACTIONAL NORTH 1/2 OF FRACTIONAL SECTION 21, ALL IN TOWNSHIP 42 N, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THAT PART OF SAID LOT 1 DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE NORTH LINE OF SAID LOT 1, 153.5 FEET OF THE NORTHWEST CORNER OF SAID LOT 1, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 1, 44.35 FEET, THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID LOT 1, 72 FEET, THENCE WEST PARALLEL WITH THE NORTH LINE OF SAID LOT 1, 44.35 FEET THENCE NORTH 72 FEET MORE OR LESS TO THE PONT OF BEGINNING; ALSO EXCEPT THAT PART OF SAID LOT 1 LYING SOUTHWESTERLY OF A LINE DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTH LINE OF SAID LOT 1, BEING THE SOUTH LINE OF ELM STREET, 110.79 FEET EAST OF THE NORTHWEST CORNER OF SAID LOT 1 AND RUNNING THENCE SOUTHEASTERLY PARALLEL WITH SAID 93 FEET NORTHEASTERLY OF AS MEASURED AT RIGHT ANGLES TO THE SOUTHWESTERLY LINE OF SAID LOT 1 62.41 FEET TO A POINT OF CURVE, THENCE SOUTHEASTERLY ALONG A CURVED LINE CONVEX NORTHEASTERLY AND HAVING A RADIUS OF 1163 FEET, 17.1 FEET AS MEASURED ALONG THE CHORD OF SAID CURVE TO A

16

*EXHIBIT B - A COPY OF RECEIVER BOND*

IN THE MATTER OF

**Ryan McNaughton**

for Romspen Mortgage Limited Partnership,

VS.
SB Winnetka, LLC; SB One Winnetka, LLC; David M. Trandel; T2 Winnetka I, LLC; Sowlat Engineers, P.C. d/b/a Sowlat Structural Engineers; Fox Valley Fire & Safety Co.; JAR Corp a/k/a Paint Jar Inc.; Okrent Kisiel Associates, Inc.; Lucien LaGrange Studio, LLC; et al

Bond No. 107165187

**Receiver's Bond**

Case No. 19 C 5610

KNOW ALL MEN BY THESE PRESENTS:

THAT WE, Ryan McNaughton _____ as Principal(s)

and the Travelers Casualty and Surety Company of America _____, a CONNECTICUT corporation, as Surety, are held and

firmly bound unto United States District Court For The Northern District of Illinois Eastern Division as Obligee(s), in the penal sum of

Twenty Five Thousand

( $25,000.00 ) DOLLARS, lawful money of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, legal representatives, successors and assigns, jointly and severally, firmly by these presents.

Whereas, in the above action and the above Court, Ryan McNaughton _____ ,

the Principal(s) has (have) been appointed Receiver(s) of 714-716 Elm Street, Winnetka, Illinois 60093;

513-515 Lincoln Avenue, Winnetka, Illinois 60093

with authority and instructions and designated by the court, and has (have) been directed to give a bond to Obligee in the sum aforesaid, according to law.

NOW THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That if the said Principal(s) shall faithfully discharge the duties of Receiver(s), and shall obey the orders of the Court therein, then this obligation shall be void; otherwise to remain in full force and virtue.

SIGNED AND SEALED this 11 day of October , 2019 .

Ryan McNaughton

BY:

BY: _Delia Ayala_
DELIA AYALA Attorney-in-Fact

APPROVED

BY: _Matthew F Kennelly_
Judge, US District Court

Producer Name
(Required in Arizona Only)

COPY



**POWER OF ATTORNEY**

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

Surety Bond No.        107165187

Principal:  Ryan McNaughton
            of Ryan McNaughton Holdings LLC 123 E Ogden Ave  Ste
            202 HINSDALE, IL 60521
Obligee:    United States District Court For The Northern District of
            Illinois Eastern Division
            219 S Dearborn St 5th Flr CHICAGO, IL 60604

KNOW ALL MEN BY THESE PRESENTS: That Farmington Casualty Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, are corporations duly organized under the laws of the State of Connecticut, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint DELIA AYALA, of the City of SCHAUMBURG, State of IL, their true and lawful Attorney(s)-in-Fact, to sign, execute, seal and acknowledge the surety bond referenced above.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this **7th** day of **July, 2016.**

Farmington Casualty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company

St. Paul Mercury Insurance Company
Travelers Casualty and Surety Company
Travelers Casualty and Surety Company of America
United States Fidelity and Guaranty Company

        

State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the 7th day of July, 2016, before me personally appeared Robert L. Raney, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2021.



_Marie C. Tetreault_
Marie C. Tetreault, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, which resolutions are now in full force and effect, reading as follows:

RESOLVED, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

FURTHER RESOLVED, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

FURTHER RESOLVED, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

FURTHER RESOLVED, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, Kevin E. Hughes, the undersigned, Assistant Secretary, of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this 11 day of October, 2019.

Kevin E. Hughes, Assistant Secretary

        

*To verify the authenticity of this Power of Attorney, call 1-800-421-3880 or contact us at www.travelersbond.com. Please refer to the above-named individuals and the details of the bond to which the power is attached.*

POINT IN A LINE DRAWN PARALLEL WITH THE EAST LINE OF SAID LOT 1 FROM A POINT IN THE NORTH LINE OF SAID LOT 1, 153.5 FEET EAST OF THE NORTHWEST CORNER OF SAID LOT 1, THENCE SOUTH ALONG SAID PARALLEL LINE, 5.20 FEET TO A POINT 72 FEET SOUTH OF THE NORTH LINE OF SOUTH LOT 1, THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID LOT 1, 3.20 FEET TO A POINT OF INTERSECTION WITH THE PROLONGATION OF A CURVED LINE OF 1163 FEET RADIUS HEREIN BEFORE DESCRIBED, THENCE SOUTHEASTERLY ALONG SAID CURVED LINE 105.94 FEET AS MEASURED ALONG THE CHORD TO A POINT IN THE EAST LINE OF SAID LOT 1, 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211 FEET OF BLOCK 24;

AND ALSO EXCEPT THAT PART OF LOT 1 DESCRIBED AS FOLLOWS:
BEGINNING IN THE NORTH LINE OF SAID LOT 1, 197.85 FEET EAST OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG SAID NORTH LINE 10 FEET TO THE NORTHWEST CORNER OF SAID LOT 1; THENCE SOUTH ALONG THE EAST LINE OF SAID LOT 1 TO A POINT 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211 FEET OF BLOCK 24 AFORESAID; THENCE NORTHWESTERLY ALONG A CURVED LINE CONVEX TO THE NORTHEAST WITH A RADIUS OF 11.63 FEET, 105.94 FEET TO THE INTERSECTION OF SAID CURVED LINE WITH A LINE DRAWN 72 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT 1 AT A POINT 51.15 FEET WEST OF THE EAST LINE OF SAID LOT 1; THENCE EAST ALONG SAID PARALLEL LINE 41.15 FEET; THENCE NORTH PARALLEL WITH SAID EAST LINE TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

600682802

*EXHIBIT C- TIME AND EXPENSE SUMMARY*

747 Nettleton Holdings, LLC
123 E. Ogden Ave, #202, Hinsdale, IL 60521

Receiver Invoice #1

**One Winnetka Foreclosure Collateral**

**RECEIVER FEE SCHEDULE - 1st Receivers Report**

| Date | Task | Rate | Hours | Total |
|---|---|---|---|---|
| 10/15/2019 | Prepared cover letter and hand delivered bond to the Honorable Judge Matthew F. Kennelly's chambers for approval. | $ 150.00 | 1.50 | $ 225.00 |
| 10/17/2019 | Picked up copy of approved receivers bond from the Honorable Judge Kennelly's chambers. | $ 150.00 | 1.25 | $ 187.50 |
| 10/17/2019 | Initial site and asset check by receiver principals, Ryan McNaughton and Scott McNaughton. Met and coordinated with current asset manager from CA Ventures to discuss property management turnover. Receivers were only able to tour 714-716 Elm St. and 513-515 Lincoln Ave, Winnetka. (2x receiver principals) | $ 150.00 | 5.00 | $ 750.00 |
| 10/17/2019 | Initial site and asset check by receiver project manager. | $ 95.00 | 2.50 | $ 237.50 |
| 10/24/2019 | Site and asset check of 718-732 Elm St. building and 511 Lincoln through existing keys and lockboxes on site. Receiver checked all keys and toured all units per key sets on site. As of 10/24/2019 receiver does not have access yet to 718-720 & 730 Elm St or 740 Elm St. | $ 150.00 | 3.00 | $ 450.00 |
| 11/4/2019 | Receiver Principal, Scott McNaughton met with Village of Winnetka Community Development Director, Winnetka Fire Department and Village's legal counsel. Met with locksmith to obtain access/change locks, and toured 511 Lincoln, 718-32 Elm, 727 Elm, and 740 Elm | $ 150.00 | 4.00 | $ 600.00 |
| 11/4/2019 | Site and asset check by receiver project manager to meet with locksmith and prepare and complete a full set of keys to each building. Toured and walked each building. Delivered labeled Knox Box keys to WFD as requested of WFD | $ 95.00 | 4.00 | $ 380.00 |
| 11/5/2019 | Receiver Principal, Scott McNaughton phone and email correspondence with Merit Fire, WFD, Waukegan Community Development Dept regarding proposed fire alarm system for Winter 2019. Phone correspondence with Alex and David Landscaping and Construction regarding 2019 snow and landscape contract | $ 150.00 | 0.50 | $ 75.00 |
| 11/6/2019 | Receiver Principal, Scott McNaughton phone and email correspondence with Merit Fire regarding proposal by Receiver to remove all smoke detectors, install heat detectors, and heat alarm panel rooms with electrical wall mounted heaters which was approved in principle, subject to review of plans/specs by WFD and the village | $ 150.00 | 0.40 | $ 60.00 |
| 11/12/2019 | Receiver Principal, Scott McNaughton phone correspondence with Merit Fire regarding proposal to draw plans for all buildings to submit to WFD for review. Phone discussion with Alex and David Landscaping & Construction regarding initial snow removal, plan for 2019-2020 and request for cert of insurance. | $ 150.00 | 0.75 | $ 112.50 |
| 11/13/2019 | Attendance at Cook County Municipal Court before the Honorable Judge Allegretti. | $ 150.00 | 3.50 | $ 525.00 |
| 11/14/2019 | Site and asset check by receiver principals to field measure and layout fire panel framing/walls. Site and asset check of all properties. (2x receiver principals) | $ 150.00 | 6.00 | $ 900.00 |
| 11/18/2019 | Receiver Principal, Scott McNaughton drafted scope of work document including photos, for fire alarm panel closet project | $ 150.00 | 1.50 | $ 225.00 |
| 11/19/2019 | Receiver Principal, Scott McNaughton developed budgetary bid pricing for work to fire alarm panel closets. Emailed Merit Fire Drawing proposal to Village of Winnetka. Emailed Scope of Work and Merit Fire drawing proposal to plaintiff and their counsel | $ 150.00 | 0.90 | $ 135.00 |
| 11/20/2019 | Receiver Principal, Scott McNaughton attendance at municipal court hearing in front of Honorable Judge Allegretti | $ 150.00 | 2.50 | $ 375.00 |
| 11/22/2019 | Receiver Principal, Scott McNaughton phone and email correspondence with Merit Fire regarding plan on construction and WFD's calls to Mr. Ruh requesting status on 2 trouble alarms in 511 Lincoln and 718-32 Elm | $ 150.00 | 0.35 | $ 52.50 |
| 12/5/2019 | Receiver and Receiver Principal, Scott McNaughton conference call with WFD, Plaintiff's Counsel and Waukegan's counsel regarding fire alarm project | $ 150.00 | 1.00 | $ 150.00 |
| 12/10/2019 | Site and asset check by receiver project manager to tour all collateral. | $ 95.00 | 3.00 | $ 285.00 |
| 12/10/2019 | Receiver and Receiver Principal, Scott McNaughton conference call with WFD, Plaintiff's Counsel and Waukegan's counsel regarding fire alarm project. Resent 11-18-19 fire alarm closet scope to Waukegan for commentary on scope and renderings previously provided to them and requested update from Rick Ruh on availability to complete heat detection, panel modifications, and retroactive drawing submittals | $ 150.00 | 1.50 | $ 225.00 |
| 12/11/2019 | Site and asset check by receiver project manager coordinated with North Shore gas for meter reading at 727 Elm, Winnetka. | $ 95.00 | 2.00 | $ 190.00 |
| 12/11/2019 | Receiver Principal, Scott McNaughton phone and email correspondence with Merit Fire, various subcontractors, and Village of Winnetka regarding scheduling of work, pricing, details, money, etc. | $ 150.00 | 0.50 | $ 75.00 |
| 12/18/2019 | Receiver Principal phone conference with Judge Kennelly to approve disbursements of funds for fire alarm monitoring. | $ 150.00 | 0.35 | $ 52.50 |
| 12/19/2019 | Site and asset check by receiver project manager. Toured all collateral. | $ 95.00 | 3.00 | $ 285.00 |
| 1/8/2020 | Site and asset check by receiver project manager. Toured all collateral. Removed One Winnetka flyers from all storefront glass. | $ 95.00 | 3.50 | $ 332.50 |
| 1/13/2020 | Site and asset check by receiver project manager. Toured all collateral. Rehung paper sheeting at storefront windows as needed per request of Village. Met with prior subcontractor to allow access from 727 Elm to get various loose tools and equipment. | $ 95.00 | 3.50 | $ 332.50 |
| 1/15/2020 | Attendance at Federal Court before the Honorable Judge Kennelly to present status of Winnetka Fire Department fire alarm systems. | $ 150.00 | 3.35 | $ 502.50 |
| 1/15/2020 | Site visit by Receiver Principal, Scott J. McNaughton, on site discussion with Fire Alarm contractor, properties operating status quo. Developed list of window paper/window tarp items that need to be addressed per email from David Schoon @ Winnetka | $ 150.00 | 2.25 | $ 337.50 |
| 1/22/2020 | Site visit by receiver project manager toured all collateral. Conducted additional tarping and covering of storefront glass covering at various collateral per Winnetka's request. | $ 95.00 | 3.00 | $ 285.00 |
| 1/28/2020 | Preparation and drafting of 1st receivers report to the court. | $ 150.00 | 2.50 | $ 375.00 |
| | | **Subtotal Fees** | | $ 8,717.50 |

**RECEIVER EXPENSES SCHEDULE - OUT OF POCKET - 1st Receivers Report**

| Date | Task | Cost | 10% Mark Up | Total |
|---|---|---|---|---|
| 10/17/2019 | Parking | $ 15.00 | | $ 15.00 |
| 10/23/2019 | Receivers Bond | $ 150.00 | | $ 150.00 |
| 11/4/2019 | Admiral Locksmith | $ 459.09 | | $ 459.09 |
| 12/26/2019 | Builders Heating and Cooling - HVAC Service at 727 Elm St. Winnetka, IL | $ 855.00 | | $ 855.00 |
| 1/15/2020 | Parking | $ 33.00 | | $ 33.00 |
| | | **Subtotal Expenses** | | $ 1,512.09 |
| | | **Grand Total Fees/Expenses** | | $ 10,229.59 |

## Lamb Little
Providing Your Safely Net

1101 Perimeter Dr.
Schaumburg, IL 60173
Phone: (847) 398-7060

**Invoice # 2966**

Page 1 of 1

| Account Number | Date |
|---|---|
| RYANMCN-45 | 10/10/2019 |
| BALANCE DUE ON | CSR |
| 10/10/2019 | Angie Wilcox |
| AMOUNT PAID | Amount Due |
| | $150.00 |

**Ryan McNaughton Holdings, LLC**
**123 E Ogden Ave Suite 202**
**Hinsdale, IL 60521-3564**

| Bond | | | PolicyNumber: | 601154447 | | Effective: | 10/10/2019 | to | 10/10/2020 |
|---|---|---|---|---|---|---|---|---|---|

| Item # | Trans Eff Date | Due Date | Trans | Description | Amount |
|---|---|---|---|---|---|
| 61646 | 10/10/2019 | 10/10/2019 | NEWB | Rcvr: 714-716 Elm St, Winnetka | $125.00 |
| | | | | Service Fee | $25.00 |
| | | | | **Total Invoice Balance:** | **$150.00** |

INVOICE

6251 S Kilpatrick
Chicago, il . 60629
admbrian@yahoo.com
773-778-7070



# Admiral Lock Inc

## Invoice

Bill To:  Ryan Mcnaughton

| | |
|---|---|
| Invoice No: | 3323 |
| Date: | 11/04/2019 |
| Terms: | NET 0 |
| Due Date: | 11/04/2019 |

| Description | Quantity | Rate | Amount |
|---|---|---|---|
| Service call / elm Winnetka | 1 | $75.00 | $75.00 |
| Mortise cyl / coded | 6 | $38.00 | $228.00 |
| Labor / drill open and replace cyls . 2.5 hr | 1 | $135.00 | $135.00 |

| | |
|---|---|
| Subtotal | $438.00 |
| TAX 0% | $0.00 |
| TAX 9.25% | $21.09 |
| Total | $459.09 |
| PAID | $459.09 |



**Paid**

## Balance Due        $0.00

1 / 1

**BUILDERS**
Heating & Cooling

4633 W. 138th Street • Crestwood, IL 60418
708-385-7774 • info@buildersheat.com
www.buildersheatingandcooling.com

INVOICE

DATE 12-13-19
JOB NO. 19-0007

COD ☐    CHARGE ☑    WARRANTY ☐    JOB ☐

IN RE: 727 ELM, WINNETKA

PH    Mike Giebel 630-675-6030

NAME    TARTAN BUILDERS

ADDRESS    123 E. OGDEN AVE #202
HINSDALE, IL 60521

M/N                    S/N

ENERGY SAVINGS PLAN    YR    SYSTEM

DESCRIPTION    No Heat (3 ROOFTOP UNITS)

IN RE: 727 ELM, WINNETKA

1st FL : INSTALLED NEW APRILAIRE #8444
NORTH    THERMOSTAT
REPLACED FILTERS

1st FL
SOUTH :  TURNED THERMOSTAT TO "HEAT"
REPLACED FILTERS

2ND
FLOOR :  NO 240V @ ROOFTOP UNIT
ROOFTOP WILL NOT RUN
- NEED TO CALL ELECTRICIAN -

TECHNICIAN    GARY

TOTAL HOURS    TSTAT + FILTERS

DIAG CHG    $    99.00
MATERIAL    $    429.00
LABOR    $    327.00
TOTAL    $    855.00

CUSTOMER SIGNATURE

*EXHIBIT D- PROPERTY TAX STATUS AND INSURANCE*

# Your Property Tax Overview

## OVERVIEW - PAYMENTS

Property Index Number (PIN):  **05-21-109-003-0000**          BEGIN A NEW SEARCH

Scroll down for more information.



05211090030000  04/16/2007

**Property Location:**
714  ELM ST
WINNETKA, IL 60093-2506

**Mailing Information:**
WINNETKA STATION LLC
333 SKOKIE BLVD #111
NORTHBROOK, IL 60062-1623

Update Your Information

### Are Your Taxes Paid?



# URGENT!

## YOUR DELINQUENT TAXES

**HAVE BEEN SOLD** FOR TAX YEAR(S):  2017

**CONTACT** THE COUNTY CLERK **TO FIND OUT THE AMOUNT YOU OWE**

## Tax Year 2018 (billed in 2019)

Total Amount
Billed: $35,746.03

**1st INSTALLMENT - Tax Year
2018**

**Original Billed Amount:**
$19,053.39
**Due Date:**
03/01/2019
**Tax:**               $0.00
**Interest:**          $0.00
**Last Payment Received:**
$19,053.39
**Date Received:**
08/01/2019

**Current Amount Due:**    **$0.00**

**2nd INSTALLMENT - Tax Year
2018**

**Original Billed Amount:**
$16,692.64
**Due Date:**
08/01/2019
**Tax:**               $0.00
**Interest:**          $0.00
**Last Payment Received:**
$16,692.64
**Date Received:**
08/28/2019

**Current Amount Due:**    **$0.00**

**Total Amount Due:**          **$0.00**

## Tax Year 2019 (billed in 2020)

Total Amount
Billed: $19,660.32

**1st INSTALLMENT - Tax Year
2019**

**Original Billed Amount:**
$19,660.32
**Due Date:**
03/03/2020
**Tax:**
$19,660.32
**Interest:**          $0.00
**Last Payment Received:**   $0.00
**Date Received:**

**Current Amount Due:**
**$19,660.32**

**Total Amount Due:**        **$19,660.32**

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Tuesday, January 28, 2020. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

# Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2019 First Installment  Due Tuesday, March 3, 2020**

📄 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

For copies of specialty bills such as arrearage, omitted assessment, and railroad bills, contact us.

**The tax bill for this property has been registered to be sent via electronic communications.**

# Are There Any Overpayments on Your PIN?

Our records do not indicate a refund available on the PIN you have entered.

## Have You Received Your Exemptions in These Tax Years?

| Type | 2018 | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| **Homeowner Exemption:** | NO | NO | NO | NO |
| **Senior Citizen Exemption:** | NO | NO | NO | NO |
| **Senior Freeze Exemption:** | NO | NO | NO | NO |
| **Returning Veteran Exemption:** | NO | NO | NO | NO |
| **Disabled Person Exemption:** | NO | NO | NO | NO |
| **Disabled Veteran Exemption:** | NO | NO | NO | NO |

Tax Year 2019 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Empl |
|---|---|---|---|---|
| **North Shore Mosq Abatement Northfield** | $7,529.00 | $2,621,602.00 | $66,096.00 | |
| **Metro Water Reclamation Dist of Chicago** | $3,460,595,000.00 | $2,795,614,000.00 | $1,098,622,000.00 | |
| **Winnetka-Northfield Public Library Dist** | $2,382,616.00 | $7,425,338.00 | $85,039.00 | |
| **Winnetka Park District** | $18,374,949.00 | $22,221,663.00 | $3,107,073.00 | |
| **Oakton College Dist Skokie Des Plaines** | $99,048,300.00 | $43,728,516.00 | $30,547,474.00 | |
| **New Trier High School 203 (Winnetka)** | $127,205,348.00 | $69,160,717.00 | ($214,431.00) | |
| **Winnetka Public School District 36** | $37,134,455.00 | $3,979,565.00 | $5,237,241.00 | |

| | | | |
|---|---|---|---|
| Village of Winnetka | $26,321,751.00 | $182,314,600.00 | $52,309,989.00 |
| Town of New Trier | $14,004.00 | $2,174,271.00 | $547,257.00 |
| Cook County Forest Preserve District | $193,646,842.00 | $457,040,680.00 | $246,669,734.00 |
| County of Cook | $7,490,403,508.00 | $25,089,044,035.00 | $14,681,160,592.00 |

## Reports and Data for **<u>All</u>** Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Treasurer's report
- Employees compared with retirees of all taxing districts, ranked worst to best
- Employees compared with retirees of all taxing districts, in alphabetical order
- The funded ratio of all pension and health care obligations, ranked worst to best
- The total debts and liabilities of all taxing districts, ranked worst to best
- The total debts and liabilities of all taxing districts, in alphabetical order
- Browse all financial reports filed by a specific local government.

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their **PIN**, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

# Your Property Tax Overview

**OVERVIEW - PAYMENTS**

Property Index Number (PIN): **05-21-109-017-0000**     BEGIN A NEW SEARCH

Scroll down for more information.



05211090170000  04/16/2007

**Property Location:**
718  ELM ST
WINNETKA, IL 60093-2506

**Mailing Information:**
NTP WINNETKA LLC
6815 N LINCOLN AVE
LINCOLNWOOD, IL 60712-2623

Update Your Information

**Are Your Taxes Paid?**



# URGENT!

### YOUR DELINQUENT TAXES

**HAVE BEEN SOLD** FOR TAX YEAR(S):  2017

**CONTACT** THE COUNTY CLERK **TO FIND OUT
THE AMOUNT YOU OWE**

## Tax Year 2018 (billed in 2019)

Total Amount
Billed: $88,386.03

**1st INSTALLMENT - Tax Year
2018**

**Original Billed Amount:**
$47,009.19
**Due Date:**
03/01/2019
**Tax:**               $0.00
**Interest:**          $0.00
**Last Payment Received:**
$47,009.19
**Date Received:**
08/20/2019

**Current Amount Due:**   **$0.00**

**2nd INSTALLMENT - Tax Year
2018**

**Original Billed Amount:**
$41,376.84
**Due Date:**
08/01/2019
**Tax:**               $0.00
**Interest:**          $0.00
**Last Payment Received:**
$41,376.84
**Date Received:**
09/10/2019

**Current Amount Due:**   **$0.00**

**Total Amount Due:**      **$0.00**

## Tax Year 2019 (billed in 2020)

Total Amount
Billed: $48,612.32

**1st INSTALLMENT - Tax Year
2019**

**Original Billed Amount:**
$48,612.32
**Due Date:**
03/03/2020
**Tax:**
$48,612.32
**Interest:**                    $0.00
**Last Payment Received:**       $0.00
**Date Received:**

**Current Amount Due:**
**$48,612.32**

**Total Amount Due:**      **$48,612.32**

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Tuesday, January 28, 2020. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

## Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2019 First Installment  Due Tuesday, March 3, 2020**

📄 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

For copies of specialty bills such as arrearage, omitted assessment, and railroad bills, contact us.

**The tax bill for this property has been registered to be sent via electronic communications.**

## Are There Any Overpayments on Your PIN?

Our records do not indicate a refund available on the PIN you have entered.

## Have You Received Your Exemptions in These Tax Years?

| Type | 2018 | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| **Homeowner Exemption:** | NO | NO | NO | NO |
| **Senior Citizen Exemption:** | NO | NO | NO | NO |
| **Senior Freeze Exemption:** | NO | NO | NO | NO |
| **Returning Veteran Exemption:** | NO | NO | NO | NO |
| **Disabled Person Exemption:** | NO | NO | NO | NO |
| **Disabled Veteran Exemption:** | NO | NO | NO | NO |

Tax Year 2019 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Emplo |
|---|---|---|---|---|
| **North Shore Mosq Abatement Northfield** | $7,529.00 | $2,621,602.00 | $66,096.00 | |
| **Metro Water Reclamation Dist of Chicago** | $3,460,595,000.00 | $2,795,614,000.00 | $1,098,622,000.00 | |
| **Winnetka-Northfield Public Library Dist** | $2,382,616.00 | $7,425,338.00 | $85,039.00 | |
| **Winnetka Park District** | $18,374,949.00 | $22,221,663.00 | $3,107,073.00 | |
| **Oakton College Dist Skokie Des Plaines** | $99,048,300.00 | $43,728,516.00 | $30,547,474.00 | |
| **New Trier High School 203 (Winnetka)** | $127,205,348.00 | $69,160,717.00 | ($214,431.00) | |
| **Winnetka Public School District 36** | $37,134,455.00 | $3,979,565.00 | $5,237,241.00 | |

| | | | |
|---|---|---|---|
| **Village of Winnetka** | $26,321,751.00 | $182,314,600.00 | $52,309,989.00 |
| **Town of New Trier** | $14,004.00 | $2,174,271.00 | $547,257.00 |
| **Cook County Forest Preserve District** | $193,646,842.00 | $457,040,680.00 | $246,669,734.00 |
| **County of Cook** | $7,490,403,508.00 | $25,089,044,035.00 | $14,681,160,592.00 |

## Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Treasurer's report
- Employees compared with retirees of all taxing districts, ranked worst to best
- Employees compared with retirees of all taxing districts, in alphabetical order
- The funded ratio of all pension and health care obligations, ranked worst to best
- The total debts and liabilities of all taxing districts, ranked worst to best
- The total debts and liabilities of all taxing districts, in alphabetical order
- Browse all financial reports filed by a specific local government.

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

# Your Property Tax Overview

### OVERVIEW - PAYMENTS

Property Index Number (PIN): **05-20-213-006-0000**       BEGIN A NEW SEARCH

Scroll down for more information.



05202130060000  04/16/2007

**Property Location:**
740  ELM ST
WINNETKA, IL 60093-2506

**Mailing Information:**
SB WINNETKA LLC
3400 W STONEGATE BLVD
ARLINGTN HTS, IL 60005-1045

Update Your Information

## Are Your Taxes Paid?



# URGENT!

### YOUR DELINQUENT TAXES

**HAVE BEEN SOLD** FOR TAX YEAR(S):  2017

**CONTACT** THE COUNTY CLERK **TO FIND OUT THE AMOUNT YOU OWE**

## Tax Year 2018 (billed in 2019)

**Total Amount Billed: $23,059.23**

| 1st INSTALLMENT - Tax Year 2018 | | 2nd INSTALLMENT - Tax Year 2018 | |
|---|---|---|---|
| **Original Billed Amount:** $3,372.28 | | **Original Billed Amount:** $19,686.95 | |
| **Due Date:** 03/01/2019 | | **Due Date:** 08/01/2019 | |
| **Tax:** | $0.00 | **Tax:** | $0.00 |
| **Interest:** | $0.00 | **Interest:** | $0.00 |
| **Last Payment Received:** $3,372.28 | | **Last Payment Received:** $19,686.95 | |
| **Date Received:** 08/19/2019 | | **Date Received:** 08/28/2019 | |
| **Current Amount Due:** | **$0.00** | **Current Amount Due:** | **$0.00** |

**Total Amount Due:**          $0.00

## Tax Year 2019 (billed in 2020)

Total Amount Billed: $12,682.58

1st INSTALLMENT - Tax Year 2019

**Original Billed Amount:**
$12,682.58
**Due Date:**
03/03/2020
**Tax:**
$12,682.58
**Interest:**          $0.00
**Last Payment Received:**   $0.00
**Date Received:**

**Current Amount Due:**
**$12,682.58**

**Total Amount Due:**          $12,682.58

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Tuesday, January 28, 2020. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

## Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2019 First Installment  Due Tuesday, March 3, 2020**

📄 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

For copies of specialty bills such as arrearage, omitted assessment, and railroad bills, contact us.

**The tax bill for this property has been registered to be sent via electronic communications.**

## Are There Any Overpayments on Your PIN?

Our records do not indicate a refund available on the PIN you have entered.

## Have You Received Your Exemptions in These Tax Years?

| Type | 2018 | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| Homeowner Exemption: | NO | NO | NO | NO |
| Senior Citizen Exemption: | NO | NO | NO | NO |
| Senior Freeze Exemption: | NO | NO | NO | NO |
| Returning Veteran Exemption: | NO | NO | NO | NO |
| Disabled Person Exemption: | NO | NO | NO | NO |
| Disabled Veteran Exemption: | NO | NO | NO | NO |

Tax Year 2019 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

# Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Empl |
|---|---|---|---|---|
| North Shore Mosq Abatement Northfield | $7,529.00 | $2,621,602.00 | $66,096.00 | |
| Metro Water Reclamation Dist of Chicago | $3,460,595,000.00 | $2,795,614,000.00 | $1,098,622,000.00 | |
| Winnetka-Northfield Public Library Dist | $2,382,616.00 | $7,425,338.00 | $85,039.00 | |
| Winnetka Park District | $18,374,949.00 | $22,221,663.00 | $3,107,073.00 | |
| Oakton College Dist Skokie Des Plaines | $99,048,300.00 | $43,728,516.00 | $30,547,474.00 | |
| New Trier High School 203 (Winnetka) | $127,205,348.00 | $69,160,717.00 | ($214,431.00) | |
| Winnetka Public School District 36 | $37,134,455.00 | $3,979,565.00 | $5,237,241.00 | |
| Village of Winnetka | $26,321,751.00 | $182,314,600.00 | $52,309,989.00 | |
| Town of New Trier | $14,004.00 | $2,174,271.00 | $547,257.00 | |
| Cook County Forest Preserve District | $193,646,842.00 | $457,040,680.00 | $246,669,734.00 | |
| County of Cook | $7,490,403,508.00 | $25,089,044,035.00 | $14,681,160,592.00 | 2: |

# Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Treasurer's report
- Employees compared with retirees of all taxing districts, ranked worst to best
- Employees compared with retirees of all taxing districts, in alphabetical order
- The funded ratio of all pension and health care obligations, ranked worst to best
- The total debts and liabilities of all taxing districts, ranked worst to best
- The total debts and liabilities of all taxing districts, in alphabetical order
- Browse all financial reports filed by a specific local government.

BEGIN A NEW SEARCH

DISCLAIMER: The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

# Your Property Tax Overview

### OVERVIEW - PAYMENTS

Property Index Number (PIN):  **05-21-109-012-0000**          BEGIN A NEW SEARCH

Scroll down for more information.



05211090120000  04/17/2007

**Property Location:**
515  LINCOLN AVE
WINNETKA, IL 60093-2509

**Mailing Information:**
NTP LINCOLN AVE LLC
6815 N LINCOLN AVE
LINCOLNWOOD, IL 60712-2623

Update Your Information

---

### Are Your Taxes Paid?



# URGENT!

### YOUR DELINQUENT TAXES

**HAVE BEEN SOLD** FOR TAX YEAR(S):  2017

**CONTACT** THE COUNTY CLERK **TO FIND OUT
THE AMOUNT YOU OWE**

---

## Tax Year 2018 (billed in 2019)

Total Amount
Billed: $2,649.24

**1st INSTALLMENT - Tax Year
2018**

**Original Billed Amount:**
$1,412.10
**Due Date:**
03/01/2019
**Tax:**                                  $0.00
**Interest:**                             $0.00
**Last Payment Received:**
$1,412.10
**Date Received:**
08/27/2019

**Current Amount Due:**     $0.00

**2nd INSTALLMENT - Tax Year
2018**

**Original Billed Amount:**
$1,237.14
**Due Date:**
08/01/2019
**Tax:**                                  $0.00
**Interest:**                             $0.00
**Last Payment Received:**
$1,237.14
**Date Received:**
08/27/2019

**Current Amount Due:**      $0.00

**Total Amount Due:**            $0.00

## Tax Year 2019 (billed in 2020)

Total Amount
Billed: $1,457.08

**1st INSTALLMENT - Tax Year
2019**

**Original Billed Amount:**
$1,457.08
**Due Date:**
03/03/2020
**Tax:**
$1,457.08
**Interest:**                             $0.00
**Last Payment Received:**   $0.00
**Date Received:**

**Current Amount Due:**
**$1,457.08**

**Total Amount Due:**            **$1,457.08**

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Tuesday, January 28, 2020. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

## Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2019 First Installment  Due Tuesday, March 3, 2020**

📄 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

For copies of specialty bills such as arrearage, omitted assessment, and railroad bills, contact us.

**The tax bill for this property has been registered to be sent via electronic communications.**

## Are There Any Overpayments on Your PIN?

Please note that pending Certificate of Error refunds, PTAB refunds and court-ordered refunds are not displayed in this section.

**Tax Year 2011 (billed in 2012)**

| Installment | Tax Amount Billed | Tax Amount Paid | Refund Available |
|---|---|---|---|
| 1st | $3,603.28 | $3,837.56 | $234.28 |
| 2nd | $0.00 | $0.00 | $0.00 |

**Refund Available: $234.28   Application Required: Apply Now**

## Have You Received Your Exemptions in These Tax Years?

| Type | 2018 | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| Homeowner Exemption: | NO | NO | NO | NO |
| Senior Citizen Exemption: | NO | NO | NO | NO |
| Senior Freeze Exemption: | NO | NO | NO | NO |
| Returning Veteran Exemption: | NO | NO | NO | NO |
| Disabled Person Exemption: | NO | NO | NO | NO |
| Disabled Veteran Exemption: | NO | NO | NO | NO |

Tax Year 2019 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Emplo |
|---|---|---|---|---|
| North Shore Mosq Abatement Northfield | $7,529.00 | $2,621,602.00 | $66,096.00 | |
| Metro Water Reclamation Dist of Chicago | $3,460,595,000.00 | $2,795,614,000.00 | $1,098,622,000.00 | |
| Winnetka-Northfield Public Library Dist | $2,382,616.00 | $7,425,338.00 | $85,039.00 | |
| Winnetka Park District | $18,374,949.00 | $22,221,663.00 | $3,107,073.00 | |
| Oakton College Dist Skokie Des Plaines | $99,048,300.00 | $43,728,516.00 | $30,547,474.00 | |
| New Trier High School 203 (Winnetka) | $127,205,348.00 | $69,160,717.00 | ($214,431.00) | |

| | | | |
|---|---|---|---|
| **Winnetka Public School District 36** | $37,134,455.00 | $3,979,565.00 | $5,237,241.00 |
| **Village of Winnetka** | $26,321,751.00 | $182,314,600.00 | $52,309,989.00 |
| **Town of New Trier** | $14,004.00 | $2,174,271.00 | $547,257.00 |
| **Cook County Forest Preserve District** | $193,646,842.00 | $457,040,680.00 | $246,669,734.00 |
| **County of Cook** | $7,490,403,508.00 | $25,089,044,035.00 | $14,681,160,592.00 | 2:

# Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Treasurer's report
- Employees compared with retirees of all taxing districts, ranked worst to best
- Employees compared with retirees of all taxing districts, in alphabetical order
- The funded ratio of all pension and health care obligations, ranked worst to best
- The total debts and liabilities of all taxing districts, ranked worst to best
- The total debts and liabilities of all taxing districts, in alphabetical order
- Browse all financial reports filed by a specific local government.

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

# Your Property Tax Overview

### OVERVIEW - PAYMENTS

Property Index Number (PIN):  **05-20-213-005-0000**          BEGIN A NEW SEARCH

Scroll down for more information.



05202130050000  04/17/2007

**Property Location:**
515 LINCOLN AVE
WINNETKA, IL 60093-2509

**Mailing Information:**
NTP LINCOLN AVE LLC
6815 N LINCOLN AVE
LINCOLNWOOD, IL 60712-2623

Update Your Information

## Are Your Taxes Paid?



# URGENT!

### YOUR DELINQUENT TAXES

**HAVE BEEN SOLD** FOR TAX YEAR(S):  2017

**CONTACT** THE COUNTY CLERK **TO FIND OUT THE AMOUNT YOU OWE**

## Tax Year 2018 (billed in 2019)

## Total Amount Billed: $7,730.11

| 1st INSTALLMENT - Tax Year 2018 | | 2nd INSTALLMENT - Tax Year 2018 | |
|---|---|---|---|
| **Original Billed Amount:** $4,120.34 | | **Original Billed Amount:** $3,609.77 | |
| **Due Date:** 03/01/2019 | | **Due Date:** 08/01/2019 | |
| **Tax:** | $0.00 | **Tax:** | $0.00 |
| **Interest:** | $0.00 | **Interest:** | $0.00 |
| **Last Payment Received:** $4,120.34 | | **Last Payment Received:** $3,609.77 | |
| **Date Received:** 10/15/2019 | | **Date Received:** 10/15/2019 | |
| **Current Amount Due:** | **$0.00** | **Current Amount Due:** | **$0.00** |

**Total Amount Due:**         $0.00

## Tax Year 2019 (billed in 2020)

## Total Amount Billed: $4,251.56

| 1st INSTALLMENT - Tax Year 2019 | |
|---|---|
| **Original Billed Amount:** $4,251.56 | |
| **Due Date:** 03/03/2020 | |
| **Tax:** $4,251.56 | |
| **Interest:** | $0.00 |
| **Last Payment Received:** | $0.00 |
| **Date Received:** | |
| **Current Amount Due:** **$4,251.56** | |

**Total Amount Due:**         $4,251.56

**About payments:**

- Payments are recorded the date they are received. They appear on the website about three business days later.
- The current amount due is as of Tuesday, January 28, 2020. Questions about payments? Contact Us.
- To find out if taxes for this PIN are delinquent for Tax Year 2017 and earlier, search the Cook County Clerk's records.

# Download Your Tax Bill

Open a PDF of your tax bill that can be printed and used to pay in person or by mail.

📄 **Tax Year 2019 First Installment  Due Tuesday, March 3, 2020**

📄 **Tax Year 2018 Second Installment  Due Thursday, August 1, 2019**

For copies of specialty bills such as arrearage, omitted assessment, and railroad bills, contact us.

The tax bill for this property has been registered to be sent via electronic communications.

# Are There Any Overpayments on Your PIN?

Please note that pending Certificate of Error refunds, PTAB refunds and court-ordered refunds are not displayed in this section.

**Tax Year 2011 (billed in 2012)**

| Installment | Tax Amount Billed | Tax Amount Paid | Refund Available |
|---|---|---|---|
| 1st | $10,659.12 | $11,432.34 | $773.22 |
| 2nd | $0.00 | $0.00 | $0.00 |

**Refund Available: $773.22   Application Required: Apply Now**

## Have You Received Your Exemptions in These Tax Years?

| Type | 2018 | 2017 | 2016 | 2015 |
|------|------|------|------|------|
| **Homeowner Exemption:** | NO | NO | NO | NO |
| **Senior Citizen Exemption:** | NO | NO | NO | NO |
| **Senior Freeze Exemption:** | NO | NO | NO | NO |
| **Returning Veteran Exemption:** | NO | NO | NO | NO |
| **Disabled Person Exemption:** | NO | NO | NO | NO |
| **Disabled Veteran Exemption:** | NO | NO | NO | NO |

Tax Year 2019 exemptions granted by the Assessor will be reflected on your Second Installment tax bill.

Apply for a missing exemption

You may also view lists of properties that may be entitled to missing senior exemptions for Tax Year 2018.

## Highlights of <u>Your</u> Taxing Districts' Debt and Pension

Select a taxing district name for detailed financial data.

| Your Taxing Districts | Money Owed by Your Taxing Districts | Pension and Healthcare Amounts Promised by Your Taxing Districts | Amount of Pension and Healthcare Shortage | Emplo |
|------|------|------|------|------|
| **North Shore Mosq Abatement Northfield** | $7,529.00 | $2,621,602.00 | $66,096.00 | |
| **Metro Water Reclamation Dist of Chicago** | $3,460,595,000.00 | $2,795,614,000.00 | $1,098,622,000.00 | |
| **Winnetka-Northfield Public Library Dist** | $2,382,616.00 | $7,425,338.00 | $85,039.00 | |
| **Winnetka Park District** | $18,374,949.00 | $22,221,663.00 | $3,107,073.00 | |
| **Oakton College Dist Skokie Des Plaines** | $99,048,300.00 | $43,728,516.00 | $30,547,474.00 | |
| **New Trier High School 203 (Winnetka)** | $127,205,348.00 | $69,160,717.00 | ($214,431.00) | |

| | | | |
|---|---|---|---|
| **Winnetka Public School District 36** | $37,134,455.00 | $3,979,565.00 | $5,237,241.00 |
| **Village of Winnetka** | $26,321,751.00 | $182,314,600.00 | $52,309,989.00 |
| **Town of New Trier** | $14,004.00 | $2,174,271.00 | $547,257.00 |
| **Cook County Forest Preserve District** | $193,646,842.00 | $457,040,680.00 | $246,669,734.00 |
| **County of Cook** | $7,490,403,508.00 | $25,089,044,035.00 | $14,681,160,592.00 | 2: |

## Reports and Data for <u>All</u> Taxing Districts

View the financial reports filed by 547 local Taxing Districts across Cook County pursuant to the Debt Disclosure Ordinance authored by Treasurer Maria Pappas.

- Read the Treasurer's report
- Employees compared with retirees of all taxing districts, ranked worst to best
- Employees compared with retirees of all taxing districts, in alphabetical order
- The funded ratio of all pension and health care obligations, ranked worst to best
- The total debts and liabilities of all taxing districts, ranked worst to best
- The total debts and liabilities of all taxing districts, in alphabetical order
- Browse all financial reports filed by a specific local government.

BEGIN A NEW SEARCH

**DISCLAIMER:** The information on this screen comes from many sources, few of which are in the control of the Cook County Treasurer's Office. Taxpayers are advised to take personal responsibility for their PIN, property location, taxpayer address, and payment amounts posted due or paid, to be sure of their accuracy.

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
12/27/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:** If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | CONTACT NAME: Lauren Conner | | |
|---|---|---|---|---|
| RSC Insurance Brokerage, Inc. | | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| 333 W. Wacker Drive | | E-MAIL ADDRESS: lconner@risk-strategies.com | | |
| Suite 1950 | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Chicago IL 60606 | | INSURER A : Kinsale Insurance Company | | |
| **INSURED** | | INSURER B : | | |
| SB Winnetka LLC | | INSURER C : | | |
| 780 W. Randolph Street | | INSURER D : | | |
| Suite 500 | | INSURER E : | | |
| Chicago IL 60661 | | INSURER F : | | |

## COVERAGES  CERTIFICATE NUMBER: CL19123044925  REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **COMMERCIAL GENERAL LIABILITY** [X] <br> CLAIMS-MADE [X] OCCUR | | | 01001039210 | 12/20/2019 | 12/20/2020 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ Excluded |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: <br> [X] POLICY [ ] PRO-JECT [ ] LOC <br> OTHER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ Excluded |
| | | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** <br> [ ] ANY AUTO <br> [ ] OWNED AUTOS ONLY [ ] SCHEDULED AUTOS <br> [ ] HIRED AUTOS ONLY [ ] NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | [X] **UMBRELLA LIAB** [ ] OCCUR <br> [ ] **EXCESS LIAB** [ ] CLAIMS-MADE | | | 0100103839-0 | 12/20/2019 | 12/20/2020 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | AGGREGATE | $ 1,000,000 |
| | [ ] DED [ ] RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N <br> ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) <br> If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | [ ] PER STATUTE [ ] OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Ryan McNaughton Holdings, LLC is included as additional insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Ryan W. McNaughton, Ryan McNaughton Holdings, LLC <br> 123 E. Ogden Ave, #202 <br><br> Hinsdale IL 60521 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. <br><br> AUTHORIZED REPRESENTATIVE <br> *M.B Chustin* |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)  The ACORD name and logo are registered marks of ACORD

**ACORD®**

# EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 12/27/2019 |

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE (A/C, No, Ext): | COMPANY NAME AND ADDRESS | NAIC NO: |
|---|---|---|---|
| Risk Strategies Company<br>333 W. Wacker Drive<br>Suite 1950<br>Chicago            IL    60606 | | Evanston Insurance Company<br>PO Box 904038<br>Charlotte              NC    28290-4038 | |
| FAX (A/C, No): | E-MAIL ADDRESS: lconner@risk-strategies.com | IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH | |

| CODE: | SUB CODE: | POLICY TYPE |
|---|---|---|
| **AGENCY CUSTOMER ID #:** 00106219 | | Commercial Property |

| NAMED INSURED AND ADDRESS | LOAN NUMBER | | POLICY NUMBER |
|---|---|---|---|
| SB Winnetka LLC<br>780 W. Randolph Street        Suite 500<br>Chicago            IL    60661 | | | 1AA302756 |

| EFFECTIVE DATE | EXPIRATION DATE | CONTINUED UNTIL TERMINATED IF CHECKED |
|---|---|---|
| 12/20/2019 | 12/20/2020 | |

| ADDITIONAL NAMED INSURED(S) | THIS REPLACES PRIOR EVIDENCE DATED: |
|---|---|

**PROPERTY INFORMATION** (Use REMARKS on page 2, if more space is required)    ☐ BUILDING  OR ☐ BUSINESS PERSONAL PROPERTY

| LOCATION / DESCRIPTION |
|---|
| 725-727 Elm Street, Winnetka, Illinois; 30 days cancellation notice to the lender |

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| COVERAGE INFORMATION | PERILS INSURED | BASIC | BROAD | X SPECIAL | |
|---|---|---|---|---|---|
| COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: $ | | | 1,800,000 | DED: | 2,500 |

| | YES | NO | N/A | | |
|---|---|---|---|---|---|
| ☐ BUSINESS INCOME    ☐ RENTAL VALUE | | x | | If YES, LIMIT: | Actual Loss Sustained; # of months: |
| BLANKET COVERAGE | | x | | If YES, indicate value(s) reported on property identified above: $ | |
| TERRORISM COVERAGE | | x | | Attach Disclosure Notice / DEC | |
| IS THERE A TERRORISM-SPECIFIC EXCLUSION? | x | | | | |
| IS DOMESTIC TERRORISM EXCLUDED? | x | | | | |
| LIMITED FUNGUS COVERAGE | | | x | If YES, LIMIT: | DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | x | | | | |
| REPLACEMENT COST | x | | | | |
| AGREED VALUE | | | x | | |
| COINSURANCE | x | | | If YES,        80 % | |
| EQUIPMENT BREAKDOWN (If Applicable) | | | x | If YES, LIMIT: | DED: |
| ORDINANCE OR LAW   - Coverage for loss to undamaged portion of bldg | | x | | If YES, LIMIT: | DED: |
| - Demolition Costs | | x | | If YES, LIMIT: | DED: |
| - Incr. Cost of Construction | | x | | If YES, LIMIT: | DED: |
| EARTH MOVEMENT (If Applicable) | | x | | If YES, LIMIT: | DED: |
| FLOOD (If Applicable) | | x | | If YES, LIMIT: | DED: |
| WIND / HAIL INCL    ☒ YES ☐ NO    Subject to Different Provisions: | | x | | If YES, LIMIT: | DED: |
| NAMED STORM INCL    ☒ YES ☐ NO    Subject to Different Provisions: | | x | | If YES, LIMIT: | DED: |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | | | | |

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**ADDITIONAL INTEREST**

| ☐ MORTGAGEE<br>☐ LENDERS LOSS PAYABLE | CONTRACT OF SALE<br>x Mortgagee & Loss Payee | LENDER SERVICING AGENT NAME AND ADDRESS |
|---|---|---|
| NAME AND ADDRESS<br>Ryan W. McNaughton<br>Ryan McNaughton Holdings, LLC<br>123 E. Ogden Ave, #202<br>Hinsdale, IL  60521 | | |
| | | AUTHORIZED REPRESENTATIVE<br>Michael Christian/LAC    *M B Christian* |

ACORD 28 (2014/01)          The ACORD name and logo are registered marks of ACORD
INS028 (201401)

**EVIDENCE OF COMMERCIAL PROPERTY INSURANCE REMARKS - Including Special Conditions (Use only if more space is required)**

*EXHIBIT E – PROFIT & LOSS*

12:15 PM

01/28/20

Cash Basis

# One Winnetka Receivership Operating Account
## Profit & Loss Detail
### October 11, 2019 through January 28, 2020

| Type | Date | Num | Name | Paid Amount |
|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | |
| **Expense** | | | | |
| **Carpentry Material** | | | | |
| Check | 12/31/2019 | 3 | One Winnetka Collateral | 1,096.50 |
| **Total Carpentry Material** | | | | 1,096.50 |
| **Fire Alarm Systems** | | | | |
| Check | 01/08/2020 | 6 | One Winnetka Collateral | 5,500.00 |
| Check | 01/24/2020 | 1002 | One Winnetka Collateral | 10,340.00 |
| **Total Fire Alarm Systems** | | | | 15,840.00 |
| **Insurance Expense** | | | | |
| Check | 12/30/2019 | 2 | One Winnetka Collateral | 17,788.00 |
| Check | 12/30/2019 | 2 | One Winnetka Collateral | 1,240.00 |
| Check | 12/30/2019 | 2 | One Winnetka Collateral | 1,365.00 |
| **Total Insurance Expense** | | | | 20,393.00 |
| **Snow Removal** | | | | |
| Check | 12/26/2019 | 1 | One Winnetka Collateral | 1,300.00 |
| Check | 01/21/2020 | 1001 | One Winnetka Collateral | 600.00 |
| **Total Snow Removal** | | | | 1,900.00 |
| **Utilities** | | | | |
| Check | 12/31/2019 | 4 | 727 Elm St. Winnetka, IL | 96.32 |
| Check | 01/03/2020 | 5 | 727 Elm St. Winnetka, IL | 100.27 |
| **Total Utilities** | | | | 196.59 |
| **Total Expense** | | | | 39,426.09 |
| **Net Ordinary Income** | | | | -39,426.09 |
| **Net Income** | | | | **-39,426.09** |

Page 1