IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Romspen Mortgages Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>SB Winnetka, LLC, *et al.*,<br><br>Defendants. | No. 19-cv-05610<br><br>Judge: Matthew F. Kennelly<br><br>Properties: 714-716 Elm Street, Winnetka, Illinois 60093; 513-515 Lincoln Avenue, Winnetka, Illinois, 60093<br><br>**NON-RESIDENTIAL** |

**STIPULATED JUDGMENT OF FORECLOSURE**

WHEREAS, certain parties ("Parties") to the above-captioned action are: (1) ROMSPEN MORTGAGE LIMITED PARTNERSHIP ("Plaintiff" or "Lender"); (2) SB WINNETKA, LLC, a Delaware limited liability company ("SBW"), and SB ONE WINNETKA, LLC, a Delaware limited liability company ("SB One"), each acting as borrower (together, "Stipulating Defendants," and each a "Stipulating Defendant").

NOW, THEREFORE, subject to the approval of the Court, Plaintiff and Stipulating Defendants have stipulated and agreed as follows:

The Court, being fully advised in the premises, has been informed of the following:

1. On August 20, 2019, Plaintiff filed its Verified Complaint for Mortgage Foreclosure and Other Relief ("Complaint")[1] herein to foreclose its first mortgages on certain real estate and joined the Stipulating Defendants as defendants thereto, among other defendants.

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Complaint.

2. Stipulating Defendants agreed to accept service of process by a waiver of service of process dated August 21, 2019.

3. Plaintiff and Stipulating Defendants have entered into a Stipulation to Entry of Judgment of Foreclosure, which has been filed herein (the "Stipulation").

4. The Stipulating Defendants do not dispute the material allegations of the Complaint, and accordingly believe all of the material allegations of the Complaint to be true and proven. The allegations are further supported by affidavit pursuant to the Illinois Mortgage Foreclosure Law ("IMFL").

5. By virtue of the Loan Documents attached to the Complaint, and the affidavit of Lynne Moore attached as **Exhibit A** hereto, as of July 28, 2020, the total amount due and owing to Plaintiff and secured by Mortgage A and Mortgage B (collectively, the "Mortgages"), including accrued interest, and attorneys' fees and costs through July 28, 2020 is $16,761,380.55 (the "Indebtedness"). Interest continues to accrue pursuant to the Loan Documents and is added to the Indebtedness until the Properties, as that term is defined below, are sold.

6. Plaintiff brings its foreclosure action as legal holder of the Indebtedness and holder of the Mortgages.

7. Stipulating Defendants have stipulated that the Mortgages described herein and in the Complaint constitute valid first and prior liens against the real estate, and all improvements thereto and personal property located thereon, as identified in **Exhibit B** hereto (the "Properties").

8. The present owners of said real estate are: SB One Winnetka, LLC and SB Winnetka, LLC.

9. Pursuant to the Stipulation, any deficiency claim of Lender against Stipulating Defendants, if any, shall be determined after a foreclosure sale conducted in accordance with the IMFL.

10. All other defendants to the Complaint, including Unknown Owners and Non-Record Claimants (collectively with Stipulating Defendants, the "Defendants"), have been properly served, and no such other defendants, by answer to the Complaint, response to the motion, stipulation or otherwise, have, within the time allowed for such answer or response, objected to the entry of this judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

A. This Court has jurisdiction over the Stipulating Defendants.

B. By consent of Stipulating Defendants, judgment is hereby is entered in favor of Plaintiff and against Stipulating Defendants on Counts I and II of the Complaint.

C. Each party shall bear its own attorneys' fees and costs, unless specified otherwise in the Loan Documents.

D. Stipulating Defendants further acknowledge and agree that they have no defenses to the allegations of the Complaint that would prevent the foreclosure and sale of the Properties, including, without limitation, any counterclaim and/or any right of setoff or recoupment. To the extent not already waived under the terms of the Mortgages and/or the related Loan Documents, Stipulating Defendants hereby waive any right of reinstatement or redemption under the Mortgage, the Loan Documents, or applicable law.

E. There remain mechanic's liens and a junior mortgage lien on the Properties that are unaffected by this Stipulated Judgment. This Stipulated Judgment does not foreclose the

3

601467120

Mortgages or affect their priority status, nor does it implicate the Doctrine of Merger. Lender's Mortgages survive entry of this Stipulated Judgment.

   F.  The Court hereby retains jurisdiction of the subject matter of this cause, and of all parties hereto, for the purpose of enforcing this Stipulated Judgment and the Stipulation.

   G.  This is a final order of this Court as it disposes of all issues between the parties, and there is no just reason to delay enforcement or appeal.

Date: August 18, 2020

                _____
                MATTHEW F. KENNELLY
                United States District Judge

601467120

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Romspen Mortgages Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>SB Winnetka, LLC, *et al.*,<br><br>Defendants. | No. 19-cv-05610<br><br>Judge: Matthew F. Kennelly<br><br>Properties: 714-716 Elm Street, Winnetka, Illinois 60093; 513-515 Lincoln Avenue, Winnetka, Illinois, 60093<br><br>**NON-RESIDENTIAL** |

## DECLARATION OF LYNNE MOORE

I, Lynne Moore declare, under penalty of perjury, in accordance with 28 U.S.C. § 1746:

1. I make this declaration upon my own personal knowledge and am duly authorized to do so, on behalf of Romspen Mortgage Limited Partnership ("Romspen" or "Lender"). I have reviewed the business records kept by Lender in connection with the Loan in the regular course of Lender's business. I am the Vice President and Manager of Mortgage Administration at Lender, a non-bank mortgage lender specializing in commercial and industrial real estate mortgages. I submit this Declaration (the "Declaration") in support of the Stipulation filed by Lender with respect to the mortgage foreclosure case against Defendants SB Winnetka, LLC ("SB Winnetka") and SB One Winnetka, LLC ("SB One," and together with SB Winnetka, "Borrowers").

2. I am authorized to submit this Declaration on behalf of Lender.

3. Except as otherwise noted, all facts set forth in this Declaration are based on my personal knowledge, review of relevant documents, discussions with, among others,

other members of Lender's advisors and other professionals, or are my opinion, which is based on personal experience and knowledge of Borrowers and their business operations. If I am called as a witness in this Case, I would testify competently to the facts set forth in this Declaration.

      4.     The Loan Documents attached to Lender's Verified Complaint ("Complaint") are true and correct copies thereof. The documents are kept by Lender in the course of its regularly conducted business activity, and it was the regular practice of Lender to keep such documents in such form with respect to the real estate mortgage loans it administers. All of the original Loan Documents are currently in Lender's possession and control. Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

      5.     On February 15, 2017, Lender provided Borrowers with a loan in the principal amount of Eleven Million Seven Hundred Fifty Thousand Dollars ($11,750,000.00) (the "Loan").

      6.     The purpose of the Loan was to acquire the Properties where were to be developed into an expansive, mixed-use commercial complex.

      7.     In connection with the Loan, Borrowers executed a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixtures Filing, Membership Interests Pledge Agreements, Assignment of Plans, Specifications, Contracts, Licenses and Permits, Assignment of Property Management Agreement and Subordination of Management Fees and Real Estate Loan Agreement in connection with the Loan.

8. The Loan originally matured on March 1, 2018, but Lender provided two extensions to Borrowers, first to July 1, 2018 and then to October 1, 2018 by virtue of two Loan Extension Agreements.

9. During the course of the Loan, Borrowers made some, but not all, payments pursuant to the Loan Documents.

10. After Borrowers failed to pay off the principal plus accrued interest on the Loan, Lender issued two notices of default to Borrowers, dated October 2, 2018 and August 2, 2019.

11. As a result of the default and failure to pay the principal plus interest at the maturity date, Lender filed this Complaint on August 20, 2019 and joined Borrowers as a party in interest.

12. Lender is the holder and owner of the Loan Documents.

13. Lender has fully performed its obligations under the Loan Documents.

14. Upon the books and records available to me, Borrowers have defaulted on the subject loan as specified in the Complaint.

15. Each failure by Borrowers to make payments when due is an uncured Event of Default under the Loan Documents, including without limitation, Section 2 of the Note and Section 10.1 of the Loan Agreement.

16. As of July 28, 2020 the total amount due to Lender under the Loan Documents was $16,761,380.55, which consists of, among other things, $11,829,785.14 in principal, interest of $3,091,677.69, late charges and other fees and costs of $1,115,640.69, receiver related costs and fees of $153,821.73, and attorneys' fees and costs of collection

of $570,455.30, through June 25, 2020. Interest continues to accrue in accordance with Section 3.1.2 of the Loan Agreement.

17. If called as a witness in this cause, I could competently testify to the foregoing on the basis of my own personal knowledge.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: **AUGUST 12, 2020**   By: *Lynne Moore*

                                               Lynne Moore
                                               Vice President and Manager of Mortgage Administration at Romspen Mortgage Limited Partnership

## **EXHIBIT B**

PARCEL 1:

THE EAST 106 FEET OF THE WEST 109 FEET OF THE NORTH 251 FEET OF BLOCK 24 OF WINNETKA, BEING A SUBDIVISION OF THE NORTH EAST QUARTER OF SECTION 20 AND THE NORTH HALF OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THEREFROM THE NORTH 40 FEET TAKEN FOR ELM STREET) ALSO (EXCEPT THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON WEST LINE OF SAID EAST 106 FEET AT A DISTANCE OF 85 FEET SOUTH OF SOUTH LINE OF ELM STREET THENCE EAST PARALLEL WITH SOUTH LINE OF ELM STREET 10 FEET THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106 FEET A DISTANCE OF 45.84 FEET TO THE NORTH WALL OF A ONE STORY BRICK BUILDING; THENCE WEST ALONG NORTH WALL OF SAID BRICK BUILDING 10 FEET TO WEST LINE OF SAID EAST 106 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106 FEET A DISTANCE OF 46 FEET TO PLACE OF BEGINNING) ALSO (EXCEPT THAT PART THEREOF DESCRIBED AS FOLLOWS:

BEGINNING AT SOUTH WEST CORNER OF THE ABOVE DESCRIBED PROPERTY AND RUNNING THENCE NORTH ALONG WEST LINE THEREOF 46.35 FEET TO INTERSECTION WITH A CURVED LINE OF 1163 FOOT RADIUS CONVEX NORTHEASTERLY; THENCE SOUTHEASTERLY ALONG SAID CURVED LINE OF 1163 FOOT RADIUS, 25.88 FEET, AS MEASURED ALONG THE CHORD TO A POINT OF REVERSE CURVE; THENCE SOUTHERLY ALONG A CURVED LINE OF 1087 FEET RADIUS CONVEX SOUTHWESTERLY 25.69 FEET MEASURED ALONG THE CHORD TO A POINT IN SOUTH LINE OF AFORESAID EAST 106 FEET OF WEST 109 FEET OF THE NORTH 251 FEET OF BLOCK 24 WINNETKA, 22.26 FEET EAST OF THE SOUTHWEST CORNER THEREOF AND THENCE WEST ALONG SAID SOUTH LINE 22.26 FEET TO PLACE OF BEGINNING) ALSO, THE EAST 54 FEET OF THE WEST 163 FEET OF THE NORTH 211 FEET OF THAT PART OF BLOCK 24 OF CHARLES E. PECK'S SUBDIVISION LYING SOUTH OF THE SOUTH LINE OF ELM STREET IN WINNETKA IN FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2:

EASEMENT FOR THE BENEFIT OF PARCEL 1 CREATED BY GRANT FROM KATHARINE ROACH JACKSON AND HER HUSBAND TO AYRES BOAL, JR., AS TRUSTEE UNDER LAST WILL AND TESTAMENT OF LESLEY J . BOAL, DECEASED, DATED DECEMBER 4, 1950 AND RECORDED DECEMBER 4, 1950 AS DOCUMENT 14965696 AND FILED IN REGISTRAR OFFICE OF COOK COUNTY, ILLINOIS ON DECEMBER 4, 1950 AS DOCUMENT LR1329741 FOR LIGHT AND AIR AND FOR

INGRESS AND EGRESS FOR PEDESTRIAN USE ONLY (INCLUDING RIGHT TO OPEN WINDOWS IN ANY PRESENT OR FUTURE WALLS ON GRANTEE'S PROPERTY ADJOINING) OVER THAT PORTION OF LOT 1 AND AN EASEMENT FOR UNDERGROUND PUBLIC UTILITIES UNDER SAID PORTION OF LOT 1 DESCRIBED AS FOLLOWS: THAT PORTION OF LOT 1 IN PROUTY'S HOMESTEAD SUBDIVISION OF PARTS OF BLOCKS 24 AND 25 OF WINNETKA, A SUBDIVISION OF THE NORTHEAST QUARTER OF SECTION 20 AND THE NORTH HALF OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT ON EAST LINE OF LOT 1, 131 FEET SOUTH OF SOUTH LINE OF ELM STREET, THENCE SOUTH ALONG EAST LINE OF SAID LOT 1, 33.65 FEET TO NORTHEASTERLY LINE OF LINCOLN AVENUE; THENCE NORTHWESTERLY ALONG NORTHEASTERLY LINE OF LINCOLN AVENUE A DISTANCE OF 37.83 FEET TO A POINT DUE WEST OF THE PLACE OF BEGINNING; THENCE EAST PARALLEL WITH SOUTH LINE OF ELM STREET A DISTANCE OF 17.29 FEET TO PLACE OF BEGINNING), IN COOK COUNTY, ILLINOIS

PARCEL 3:

THAT PART OF LOT 1 IN PROUTY HOMESTEAD SUBDIVISION OF ALL OF BLOCKS 24 AND 25, LYING NORTHEASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD, EXCEPT THE NORTH 211.00 FEET OF SAID BLOCK 24, ALSO THE WEST 3.00 FEET OF THE NORTH 211.00 FEET OF SAID BLOCK 24, ALL IN WINNETKA, A SUBDIVISION BY CHARLES E. PECK OF THE NORTHEAST 1/4 OF SECTION 20, AND THE FRACTIONAL NORTH 1/2 OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING IN THE NORTH LINE OF SAID LOT, 197.85 FEET EAST OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG SAID NORTH LINE 10.00 FEET TO THE NORTHEAST CORNER OF SAID LOT; THENCE SOUTH ALONG THE EAST LINE OF SAID LOT TO A POINT 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211.00 FEET OF BLOCK 24 AFORESAID; THENCE NORTHWESTERLY ALONG A CURVED LINE CONVEX TO THE NORTHEAST, WITH A RADIUS OF 1163.00 FEET, 105.94 FEET TO THE INTERSECTION OF SAID CURVED LINE, WITH A LINE DRAWN 72.00 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT AT A POINT 51.15 FEET WEST OF THE EAST LINE OF SAID LOT; THENCE EAST ALONG SAID PARALLEL LINE, 41.15 FEET; THENCE NORTH PARALLEL WITH SAID EAST LINE TO THE PLACE OF BEGINNING, IN THE VILLAGE OF WINNETKA, IN COOK COUNTY, ILLINOIS.

PARCEL 4:

THAT PART OF THE EAST 106.00 FEET OF THE WEST 109.00 FEET OF THE NORTH 251.00 FEET (EXCEPT THE NORTH 40.00 FEET TAKEN FOR ELM STREET) OF BLOCK 24 IN WINNETKA, BEING A SUBDIVISION OF THE NORTHEAST 1/4 OF

SECTION 20 AND THE NORTH 1/2 OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WEST LINE OF SAID EAST 106.00 FEET AT A DISTANCE OF 85.00 FEET SOUTH OF THE SOUTH LINE OF ELM STREET; THENCE EAST PARALLEL WITH THE SOUTH LINE OF ELM STREET, 10.00 FEET; THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 45.84 FEET TO A POINT; THENCE WEST 10.00 FEET TO THE WEST LINE OF SAID EAST 106.00 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 46.00 FEET TO THE PLACE OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 5:

EASEMENT FOR THE BENEFIT OF THE ABOVE PARCEL AS CREATED BY DEED FROM AYRES BOAL JR., TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF LESLEY J. BOAL, DECEASED, TO KATHERINE ROACH JACKSON DATED DECEMBER 4,1950 AND RECORDED DECEMBER 4, 1950 AS DOCUMENT 14965695 FOR INGRESS AND EGRESS, LIGHT AND AIR OVER A STRIP OF LAND 4.00 FEET WIDE, AND FOR UNDERGROUND PUBLIC UTILITIES UNDER SAID 4.00 FEET STRIP, WHICH 4.00 FEET STRIP IS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WEST LINE OF SAID EAST 106.00 FEET AT A DISTANCE OF 81.00 FEET SOUTH OF AND PARALLEL TO THE SOUTH LINE OF ELM STREET; THENCE EAST PARALLEL WITH THE SOUTH LINE OF ELM STREET, A DISTANCE OF 14.00 FEET; THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 49.81 FEET TO A POINT; THENCE WEST, A DISTANCE OF 4.00 FEET; THENCE NORTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 45.84 FEET; THENCE WEST PARALLEL WITH THE SOUTH LINE OF ELM STREET, 10.00 FEET TO THE WEST LINE OF SAID EAST 106.00 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 4.00 FEET TO THE POINT OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 6:

THE EAST 55.4 FEET OF THE WEST 218.4 FEET OF THE NORTH 211 FEET OF THAT PART OF BLOCK 24 LYING SOUTH OF ELM STREET IN THE VILLAGE OF WINNETKA IN SECTION 20 AND SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 9:

LOT 1 IN PROUTY HOMESTEAD SUBDIVISION OF ALL OF BLOCKS 24 AND 25, LYING NORTHEASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND

MILWAUKEE ELECTRIC RAILROAD, EXCEPT THE NORTH 211 FEET OF SAID BLOCK 24 ALSO THE WEST 3 FEET OF THE NORTH 211 FEET OF SAID BLOCK 24, ALL IN WINNETKA, A SUBDIVISION BY CHARLES E. PECK OF THE NORTHEAST 1/4 OF SECTION 20, AND THE FRACTIONAL NORTH 1/2 OF FRACTIONAL SECTION 21, ALL IN TOWNSHIP 42 N, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THAT PART OF SAID LOT 1 DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTH LINE OF SAID LOT 1, 153.5 FEET OF THE NORTHWEST CORNER OF SAID LOT 1, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 1, 44.35 FEET, THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID LOT 1, 72 FEET, THENCE WEST PARALLEL WITH THE NORTH LINE OF SAID LOT 1, 44.35 FEET THENCE NORTH 72 FEET MORE OR LESS TO THE PONT OF BEGINNING; ALSO EXCEPT THAT PART OF SAID LOT 1 LYING SOUTHWESTERLY OF A LINE DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT IN THE NORTH LINE OF SAID LOT 1, BEING THE SOUTH LINE OF ELM STREET, 110.79 FEET EAST OF THE NORTHWEST CORNER OF SAID LOT 1 AND RUNNING THENCE SOUTHEASTERLY PARALLEL WITH SAID 93 FEET NORTHEASTERLY OF AS MEASURED AT RIGHT ANGLES TO THE SOUTHWESTERLY LINE OF SAID LOT 1 62.41 FEET TO A POINT OF CURVE, THENCE SOUTHEASTERLY ALONG A CURVED LINE CONVEX NORTHEASTERLY AND HAVING A RADIUS OF 1163 FEET, 17.1 FEET AS MEASURED ALONG THE CHORD OF SAID CURVE TO A POINT IN A LINE DRAWN PARALLEL WITH THE EAST LINE OF SAID LOT 1 FROM A POINT IN THE NORTH LINE OF SAID LOT 1, 153.5 FEET EAST OF THE NORTHWEST CORNER OF SAID LOT 1, THENCE SOUTH ALONG SAID PARALLEL LINE, 5.20 FEET TO A POINT 72 FEET SOUTH OF THE NORTH LINE OF SOUTH LOT 1, THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID LOT 1, 3.20 FEET TO A POINT OF INTERSECTION WITH THE PROLONGATION OF A CURVED LINE OF 1163 FEET RADIUS HEREIN BEFORE DESCRIBED, THENCE SOUTHEASTERLY ALONG SAID CURVED LINE 105.94 FEET AS MEASURED ALONG THE CHORD TO A POINT IN THE EAST LINE OF SAID LOT 1, 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211 FEET OF BLOCK 24;

AND ALSO EXCEPT THAT PART OF LOT 1 DESCRIBED AS FOLLOWS:

BEGINNING IN THE NORTH LINE OF SAID LOT 1, 197.85 FEET EAST OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG SAID NORTH LINE 10 FEET TO THE NORTHWEST CORNER OF SAID LOT 1; THENCE SOUTH ALONG THE EAST LINE OF SAID LOT 1 TO A POINT 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211 FEET OF BLOCK 24 AFORESAID; THENCE NORTHWESTERLY ALONG A CURVED LINE CONVEX TO THE NORTHEAST WITH A RADIUS OF 11.63 FEET, 105.94 FEET TO THE INTERSECTION OF SAID CURVED LINE WITH A LINE DRAWN 72 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT 1 AT A POINT 51.15 FEET WEST OF THE EAST LINE OF SAID LOT 1; THENCE EAST ALONG SAID PARALLEL LINE 41.15 FEET; THENCE NORTH PARALLEL WITH SAID EAST LINE TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

Pins: 05-20-213-005-0000; 05-21-109-012-0000; 05-21-109-017-0000; 05-21-109-003-0000; 05-20-213-006-0000

PARCEL 7:

THAT PART OF LOT 16 (EXCEPT THE EAST 40 FEET THEREOF) DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF LOT 16, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 108.63 FEET TO THE POINT OF BEGINNING, THENCE CONTINUING WEST ALONG THE SOUTH LINE OF LOT 16, A DISTANCE OF 41.37 FEET, TO THE WEST LINE OF SAID LOT 16, THENCE NORTH ALONG THE WEST LINE OF SAID LOT 16, A DISTANCE OF 100 FEET, TO THE NORTH LINE OF SAID LOT 16, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 16, A DISTANCE OF 61.47 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16 A DISTANCE OF 44.18 FEET, THENCE WEST AND PARALLEL TO THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 20.10 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16, A DISTANCE OF 55.82 FEET TO THE SOUTH LINE OF SAID LOT 16, BEING ALSO A POINT OF BEGINNING ALL IN MCGUIRE AND ORR'S ARBOR VITAE ROAD SUBDIVISION OF BLOCK 4 AND THAT PART OF BLOCK 5 LYING EAST OF THE EAST LINE OF LINCOLN AVENUE IN WINNETKA, A SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 20, AND THE NORTH FRACTIONAL 1/2 OF SECTION 21, TOWNSHIP 42 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 8:

EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 7 AS CONTAINED IN THE MUTUAL EASEMENT AGREEMENT AND MUTUAL GRANT OF EASEMENT RECORDED NOVEMBER 29, 2016 AS DOCUMENT 1633449394 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY, ILLINOIS.

PIN No.: 05-21-100-109-0000

5

601467120