IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Romspen Mortgage Limited Partnership,

    Plaintiff,

v.

SB Winnetka, LLC, *et al.*,

    Defendants.

No. 19-cv-05610

Judge: Matthew F. Kennelly

**NON-RESIDENTIAL**

**JUDGEMENT OF FORECLOSURE**

WHEREAS, certain parties ("Parties") to the above-captioned action are: (1) ROMSPEN MORTGAGE LIMITED PARTNERSHIP ("Plaintiff" or "Lender"); (2) the VILLAGE OF WINNETKA (the "Village"); CA RESIDENTIAL ONE WINNETKA, LLC ("CA"); and (3) DAVID M. TRANDEL ("Guarantor," and collectively with the Village and CA, the "Defendants").

The Parties being before the Court on Plaintiff's Motion for Partial Summary Judgment ("Motion"), and based on the Court record, the Motion—including Lynne Moore's supporting affidavit—the Village's and CA's responses and Plaintiff's reply, and the Court being fully advised in the premises

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    On August 20, 2019, Plaintiff filed its Verified Complaint for Mortgage Foreclosure and Other Relief ("Complaint")[1] herein to foreclose its first mortgages on certain real estate and joined the Defendants as defendants thereto, among other defendants. [Dkt. No. 162].

---

[1]    Capitalized terms used but not defined herein shall have the meanings set forth in the Complaint.

B. Plaintiff is an Ontario, Canada, limited partnership located at 162 Cumberland Street, Suite 300 Toronto, Ontario M5R 3NR. Lender's partners are a Canadian trust and an Ontario, Canada corporation. [*Id.* at ¶ 2].

C. The Village is a municipality located in the state of Illinois. [*Id.* at ¶ 6].

D. Guarantor is an adult individual and a resident and citizen of Illinois. Guarantor is not an infant, an incompetent person, or a member of the United States military. [*Id.* at ¶ 4].

E. On or around June 8, 2020, CA filed its Motion to Substitute, seeking to substitute itself for Defendant T2 Winnetka, LLC. [Dkt. No. 198].

F. This Court granted CA's Motion to Substitute on June 11, 2020. [Dkt. No. 210].

G. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In addition, Borrowers and Guarantor have consented to jurisdiction in this District pursuant to the Loan Documents.

H. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim in this matter occurred in this judicial district and the mortgage at issue in this action is secured by property located within this judicial district.

I. Defendants were each properly served with summons as follows:

**PARTY**                                      **DATE OF SERVICE (METHOD)**

Guarantor                          9/4/2019 (waiver of service)

602384622

CA                                              8/21/2019 (waiver of service)

Village                                         8/29/2019 (waiver of service)

[Dkt. No. 161 ¶ 10].

J.      On February 15, 2017, Defendants SB One Winnetka, LLC and SB One Winnetka, LLC (collectively, "Borrowers") took out a loan in the principal amount of Eleven Million Seven Hundred Fifty Thousand Dollars ($11,750,000.00) (the "Loan"), and executed that certain Promissory Note dated February 15, 2017 ("Note") securing the Loan. [*Id.* at ¶ 9].

K.      Borrowers agreed to pay the entire unpaid principal balance of the Note and interest on the unpaid principal sum by March 1, 2018 (the "Maturity Date"). [*Id.* at ¶ 10].

L.      As security for the Note, Borrowers granted a mortgage lien in the real property, more fully described at **Exhibit A** attached hereto, and certain personal property related thereto (the "Property") to Lender by executing those certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated February 15, 2017 (the "Mortgages"). [*Id.* at ¶ 11].

M.      Lender perfected its interest in the Property by recording the Mortgages with the Cook County Recorder of Deeds on February 16, 2017, as Document Nos. 1704719194 and 1704719193. [*Id.* at ¶ 14].

N.      Pursuant to Section 8.2 of the Mortgages, Borrowers have waived both the right of reinstatement and right of redemption. [*Id.* at ¶ 18].

O.      Lender is in possession of the original Note and Mortgages, and is entitled to enforce the Note and foreclose on the Mortgages. [*Id.* at ¶ 19].

P.     Borrowers are in default under the Loan Documents by reason of, without limitation, failure to: (a) make certain periodic, monthly payments as required under the Loan Agreement; and (b) pay the Outstanding Principal Balance on or before the Maturity Date. Each failure by Borrowers to make payments when due is an uncured Event of Default pursuant to Section 10.1 of the Loan Agreement and Section 2 of the Note. [*Id.* at ¶ 20].

Q.     The Village has filed claims pursuant to the Illinois Unsafe Property Statute 65 ILCS 5/11-31-1, captioned *Village of Winnetka v. SB One Winnetka, LLC, et al.*, Case No. 20192002942 and described in the Lis Pendens notice recorded by the Village against the Property with the Cook County Recorder of Deeds on August 19, 2019 as document number 1923117229 (the "Village Action").[2] The Village Action remains pending before the Circuit Court of Cook County. [*Id.* at ¶ 21].

R.     The Village has not filed a notice of lien against the Property as of the date of this judgment of foreclosure, but retains its prospective lien rights pursuant to the Illinois Unsafe Property Statute and the pending Village Action. [*Id.* at ¶ 23; Dkt. 62 at ¶ 37].

S.     Guarantor executed and delivered that certain Guaranty, dated February 15, 2017 (the "Guaranty"). [*Id.* at ¶ 25].

T.     Pursuant to the terms of the Guaranty, Guarantors assumed liability for and unconditionally, absolutely and irrevocably guaranteed the punctual payment of the principal of the Note, the interest thereon and any other monies due or which may become due thereon, including, but not by way of limitation, the repayment to Lender of any

---

[2] The Court takes judicial notice of the Village Action, and all orders entered therein.

advance made or expenses incurred pursuant to the provisions of the Loan Documents. [*Id.* at ¶ 26].

U. On or about October 2, 2018, Lender sent correspondence to Borrowers and Guarantor notifying Guarantor that Borrowers had defaulted on the Loan, demanding payment of the full Indebtedness, and informing Guarantor of Lender's intent to exercise its remedies pursuant to the Loan Documents. [*Id.* at ¶ 27].

V. On or about August 9, 2019, Lender sent correspondence to Borrowers and Guarantor notifying Guarantor that Borrowers had defaulted on the Loan, demanding payment of the full Indebtedness, and informing Guarantor of Lender's intent to exercise its remedies pursuant to the Loan Documents. [*Id.* at ¶ 28].

W. As of February 19, 2020, the balance due, after any applicable credits, was not less than the sum of $15,439,102.34, consisting of $11,829,785.14 in principal, interest of $315,291.66, Default interest of $2,052,610.91, late charges and other fees of $68,450.04, Maturity Grace Period fees of $117,500.00, renewal fee of $44,000.00, property tax redemption fees of $362,817.56, forbearance fee of $127,943.18, receiver advances of $25,000.00 with attorneys' fees and costs of collection in the amount of $495,703.85 and amounts to be added thereto. [*Id.* at ¶32].

X. Borrowers and Guarantor have failed to make any payments due from the Maturity Date through the present. [*Id.* at ¶ 34].

Y. Accordingly, the Loan Documents are in default and the entire unpaid balance is immediately due and payable pursuant to Section 10.1 of the Loan Agreement, Section 2 of the Note, and Section 2 of the Guaranty. [*Id.* at ¶ 31].

5

Z. Borrowers are liable for any deficiency and Guarantor may be liable for a deficiency pursuant to separate agreement with Lender or, if no agreement is reached within the time prescribed by this Judgment, then Guarantor may be liable for deficiency pursuant to a subsequent order. [*Id.* at ¶ 35].

AA. There remain mechanic's liens on the Property. Plaintiff's Motion does not address—or affect—those liens.

BB. Plaintiff timely filed the Motion and supporting documents on February 24, 2020, seeking summary judgment against Borrowers, CA and the Village on Counts I and II of the Complaint, and against Guarantor on Count III of the Complaint. [Dkt. No. 161].

CC. The Village timely filed its response on June 10, 2020, in which it did not contest Plaintiff's right to possession of the Property pursuant to its Motion for Summary Judgment, but requested that the Court's order clarify that the Village retains its interest in the Property and its prospective lien rights pursuant to the Illinois Unsafe Property Statute and the Village Action. [Dkt. No. 205, 207].

DD. CA timely filed its response on June 10, 2020, in which it did not dispute that Plaintiff's interest and lien were superior but reserved its rights with regards to any surplus in a foreclosure sale. [Dkt. No. 209].

EE. Plaintiff timely filed its reply in support of its Motion on June 24, 2020. [Dkt. No. 220].

FF. Neither Borrowers nor Guarantor filed a response.

GG. This Court entered the Stipulated Judgment relating to Borrowers only on August 18, 2020. [Dkt. No. 228].

HH. This Court granted Plaintiff's Motion as to CA and the Village on August 25, 2020, and stated that entry of summary judgment does not extinguish any interest that the Village may have in the Property or its prospective lien rights under the Illinois Unsafe Property Statute. [Dkt. No. 230].

II. Plaintiff and Guarantor are discussing settlement of Count III of Plaintiff's Complaint.

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the Defendants.

2. Lender holds a lien interest superior to the interests of Borrowers and CA, and the current interest of the Village, provided, however, that CA reserves its rights with regards to any surplus in a foreclosure sale, and the Village retains its interest in the Property and its prospective lien rights pursuant to the Illinois Unsafe Property Statute and the Village Action.

3. A Judgment of Foreclosure is entered in favor of Plaintiff and against CA and the Village on Counts I and II of the Complaint.

4. The Property is free and clear of all liens and encumbrances except:

   a. General real estate taxes and special assessments, if any;
   b. The liens held by JAR Corp, Okrent Kisiel Associates, Inc., Lucien LaGrange Studio, LLC, Evans Construction/Consulting LLC, and Sowlat Engineers, P.C.;
   c. Any interest the Village may have in the Property and its prospective lien rights pursuant to the Unsafe Property Statute and the Village Action; and
   d. This Judgment does not foreclose the Mortgages or affect their priority status, nor does it implicate the Doctrine of Merger. Plaintiff's Mortgages survive entry of this Judgment.

5. Upon, resolution of the mechanic's lien priority claims, Plaintiff shall submit a proposed order to the Court providing for the sale of the Property.

6. This Judgment does not amount to a finding by the Court that the Village may assert priority pursuant to its prospective lien.

7. The Court reserves ruling on Count III of the Complaint. If Plaintiff and Guarantor are unable to reach settlement by September 23, 2020, Plaintiff shall submit a proposed order to the Court entering judgment in favor of Plaintiff and against Guarantor on Count III of the Complaint.

8. Borrowers have validly waived their right of redemption and reinstatement.

9. Each party shall bear its own attorneys' fees and costs, unless specified otherwise in the Loan Documents.

Dated: 9/16/2020

_____
Judge Matthew F. Kennelly

Prepared by:
Jason DeJonker
Aaron E. Davis
Demetria L. Hamilton
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: 312-602-5000
Jason.DeJonker@bclplaw.com
Aaron.Davis@bclplaw.com
Demetria.Hamilton@bclplaw.com

602384622

**EXHIBIT A**

PARCEL 1:

THE EAST 106 FEET OF THE WEST 109 FEET OF THE NORTH 251 FEET OF BLOCK 24 OF WINNETKA, BEING A SUBDIVISION OF THE NORTH EAST QUARTER OF SECTION 20 AND THE NORTH HALF OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THEREFROM THE NORTH 40 FEET TAKEN FOR ELM STREET) ALSO (EXCEPT THAT PART THEREOF DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON WEST LINE OF SAID EAST 106 FEET AT A DISTANCE OF 85 FEET SOUTH OF SOUTH LINE OF ELM STREET THENCE EAST PARALLEL WITH SOUTH LINE OF ELM STREET 10 FEET THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106 FEET A DISTANCE OF 45.84 FEET TO THE NORTH WALL OF A ONE STORY BRICK BUILDING; THENCE WEST ALONG NORTH WALL OF SAID BRICK BUILDING 10 FEET TO WEST LINE OF SAID EAST 106 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106 FEET A DISTANCE OF 46 FEET TO PLACE OF BEGINNING) ALSO (EXCEPT THAT PART THEREOF DESCRIBED AS FOLLOWS:

BEGINNING AT SOUTH WEST CORNER OF THE ABOVE DESCRIBED PROPERTY AND RUNNING THENCE NORTH ALONG WEST LINE THEREOF 46.35 FEET TO INTERSECTION WITH A CURVED LINE OF 1163 FOOT RADIUS CONVEX NORTHEASTERLY; THENCE SOUTHEASTERLY ALONG SAID CURVED LINE OF 1163 FOOT RADIUS, 25.88 FEET, AS MEASURED ALONG THE CHORD TO A POINT OF REVERSE CURVE; THENCE SOUTHERLY ALONG A CURVED LINE OF 1087 FEET RADIUS CONVEX SOUTHWESTERLY 25.69 FEET MEASURED ALONG THE CHORD TO A POINT IN SOUTH LINE OF AFORESAID EAST 106 FEET OF WEST 109 FEET OF THE NORTH 251 FEET OF BLOCK 24 WINNETKA, 22.26 FEET EAST OF THE SOUTHWEST CORNER THEREOF AND THENCE WEST ALONG SAID SOUTH LINE 22.26 FEET TO PLACE OF BEGINNING) ALSO, THE EAST 54 FEET OF THE WEST 163 FEET OF THE NORTH 211 FEET OF THAT PART OF BLOCK 24 OF CHARLES E. PECK'S SUBDIVISION LYING SOUTH OF THE SOUTH LINE OF ELM STREET IN WINNETKA IN FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2:

EASEMENT FOR THE BENEFIT OF PARCEL 1 CREATED BY GRANT FROM KATHARINE ROACH JACKSON AND HER HUSBAND TO AYRES BOAL, JR., AS TRUSTEE UNDER LAST WILL AND TESTAMENT OF LESLEY J . BOAL, DECEASED, DATED DECEMBER 4, 1950 AND RECORDED DECEMBER 4, 1950 AS DOCUMENT 14965696 AND FILED IN REGISTRAR OFFICE OF COOK COUNTY, ILLINOIS ON DECEMBER 4, 1950 AS DOCUMENT LR1329741 FOR LIGHT AND AIR AND FOR

INGRESS AND EGRESS FOR PEDESTRIAN USE ONLY (INCLUDING RIGHT TO OPEN WINDOWS IN ANY PRESENT OR FUTURE WALLS ON GRANTEE'S PROPERTY ADJOINING) OVER THAT PORTION OF LOT 1 AND AN EASEMENT FOR UNDERGROUND PUBLIC UTILITIES UNDER SAID PORTION OF LOT 1 DESCRIBED AS FOLLOWS: THAT PORTION OF LOT 1 IN PROUTY'S HOMESTEAD SUBDIVISION OF PARTS OF BLOCKS 24 AND 25 OF WINNETKA, A SUBDIVISION OF THE NORTHEAST QUARTER OF SECTION 20 AND THE NORTH HALF OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT ON EAST LINE OF LOT 1, 131 FEET SOUTH OF SOUTH LINE OF ELM STREET, THENCE SOUTH ALONG EAST LINE OF SAID LOT 1, 33.65 FEET TO NORTHEASTERLY LINE OF LINCOLN AVENUE; THENCE NORTHWESTERLY ALONG NORTHEASTERLY LINE OF LINCOLN AVENUE A DISTANCE OF 37.83 FEET TO A POINT DUE WEST OF THE PLACE OF BEGINNING; THENCE EAST PARALLEL WITH SOUTH LINE OF ELM STREET A DISTANCE OF 17.29 FEET TO PLACE OF BEGINNING), IN COOK COUNTY, ILLINOIS

PARCEL 3:

THAT PART OF LOT 1 IN PROUTY HOMESTEAD SUBDIVISION OF ALL OF BLOCKS 24 AND 25, LYING NORTHEASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND MILWAUKEE ELECTRIC RAILROAD, EXCEPT THE NORTH 211.00 FEET OF SAID BLOCK 24, ALSO THE WEST 3.00 FEET OF THE NORTH 211.00 FEET OF SAID BLOCK 24, ALL IN WINNETKA, A SUBDIVISION BY CHARLES E. PECK OF THE NORTHEAST 1/4 OF SECTION 20, AND THE FRACTIONAL NORTH 1/2 OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING IN THE NORTH LINE OF SAID LOT, 197.85 FEET EAST OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG SAID NORTH LINE 10.00 FEET TO THE NORTHEAST CORNER OF SAID LOT; THENCE SOUTH ALONG THE EAST LINE OF SAID LOT TO A POINT 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211.00 FEET OF BLOCK 24 AFORESAID; THENCE NORTHWESTERLY ALONG A CURVED LINE CONVEX TO THE NORTHEAST, WITH A RADIUS OF 1163.00 FEET, 105.94 FEET TO THE INTERSECTION OF SAID CURVED LINE, WITH A LINE DRAWN 72.00 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT AT A POINT 51.15 FEET WEST OF THE EAST LINE OF SAID LOT; THENCE EAST ALONG SAID PARALLEL LINE, 41.15 FEET; THENCE NORTH PARALLEL WITH SAID EAST LINE TO THE PLACE OF BEGINNING, IN THE VILLAGE OF WINNETKA, IN COOK COUNTY, ILLINOIS.

PARCEL 4:

THAT PART OF THE EAST 106.00 FEET OF THE WEST 109.00 FEET OF THE NORTH 251.00 FEET (EXCEPT THE NORTH 40.00 FEET TAKEN FOR ELM STREET) OF BLOCK 24 IN WINNETKA, BEING A SUBDIVISION OF THE NORTHEAST 1/4 OF

SECTION 20 AND THE NORTH 1/2 OF FRACTIONAL SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WEST LINE OF SAID EAST 106.00 FEET AT A DISTANCE OF 85.00 FEET SOUTH OF THE SOUTH LINE OF ELM STREET; THENCE EAST PARALLEL WITH THE SOUTH LINE OF ELM STREET, 10.00 FEET; THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 45.84 FEET TO A POINT; THENCE WEST 10.00 FEET TO THE WEST LINE OF SAID EAST 106.00 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 46.00 FEET TO THE PLACE OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 5:

EASEMENT FOR THE BENEFIT OF THE ABOVE PARCEL AS CREATED BY DEED FROM AYRES BOAL JR., TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF LESLEY J. BOAL, DECEASED, TO KATHERINE ROACH JACKSON DATED DECEMBER 4,1950 AND RECORDED DECEMBER 4, 1950 AS DOCUMENT 14965695 FOR INGRESS AND EGRESS, LIGHT AND AIR OVER A STRIP OF LAND 4.00 FEET WIDE, AND FOR UNDERGROUND PUBLIC UTILITIES UNDER SAID 4.00 FEET STRIP, WHICH 4.00 FEET STRIP IS MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT ON THE WEST LINE OF SAID EAST 106.00 FEET AT A DISTANCE OF 81.00 FEET SOUTH OF AND PARALLEL TO THE SOUTH LINE OF ELM STREET; THENCE EAST PARALLEL WITH THE SOUTH LINE OF ELM STREET, A DISTANCE OF 14.00 FEET; THENCE SOUTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 49.81 FEET TO A POINT; THENCE WEST, A DISTANCE OF 4.00 FEET; THENCE NORTH PARALLEL WITH THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 45.84 FEET; THENCE WEST PARALLEL WITH THE SOUTH LINE OF ELM STREET, 10.00 FEET TO THE WEST LINE OF SAID EAST 106.00 FEET; THENCE NORTH ALONG THE WEST LINE OF SAID EAST 106.00 FEET, A DISTANCE OF 4.00 FEET TO THE POINT OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

PARCEL 6:

THE EAST 55.4 FEET OF THE WEST 218.4 FEET OF THE NORTH 211 FEET OF THAT PART OF BLOCK 24 LYING SOUTH OF ELM STREET IN THE VILLAGE OF WINNETKA IN SECTION 20 AND SECTION 21, TOWNSHIP 42 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 9:

LOT 1 IN PROUTY HOMESTEAD SUBDIVISION OF ALL OF BLOCKS 24 AND 25, LYING NORTHEASTERLY OF THE RIGHT OF WAY OF THE CHICAGO AND

MILWAUKEE ELECTRIC RAILROAD, EXCEPT THE NORTH 211 FEET OF SAID BLOCK 24 ALSO THE WEST 3 FEET OF THE NORTH 211 FEET OF SAID BLOCK 24, ALL IN WINNETKA, A SUBDIVISION BY CHARLES E. PECK OF THE NORTHEAST 1/4 OF SECTION 20, AND THE FRACTIONAL NORTH 1/2 OF FRACTIONAL SECTION 21, ALL IN TOWNSHIP 42 N, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THAT PART OF SAID LOT 1 DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE NORTH LINE OF SAID LOT 1, 153.5 FEET OF THE NORTHWEST CORNER OF SAID LOT 1, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 1, 44.35 FEET, THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID LOT 1, 72 FEET, THENCE WEST PARALLEL WITH THE NORTH LINE OF SAID LOT 1, 44.35 FEET THENCE NORTH 72 FEET MORE OR LESS TO THE PONT OF BEGINNING; ALSO EXCEPT THAT PART OF SAID LOT 1 LYING SOUTHWESTERLY OF A LINE DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT IN THE NORTH LINE OF SAID LOT 1, BEING THE SOUTH LINE OF ELM STREET, 110.79 FEET EAST OF THE NORTHWEST CORNER OF SAID LOT 1 AND RUNNING THENCE SOUTHEASTERLY PARALLEL WITH SAID 93 FEET NORTHEASTERLY OF AS MEASURED AT RIGHT ANGLES TO THE SOUTHWESTERLY LINE OF SAID LOT 1 62.41 FEET TO A POINT OF CURVE, THENCE SOUTHEASTERLY ALONG A CURVED LINE CONVEX NORTHEASTERLY AND HAVING A RADIUS OF 1163 FEET, 17.1 FEET AS MEASURED ALONG THE CHORD OF SAID CURVE TO A POINT IN A LINE DRAWN PARALLEL WITH THE EAST LINE OF SAID LOT 1 FROM A POINT IN THE NORTH LINE OF SAID LOT 1, 153.5 FEET EAST OF THE NORTHWEST CORNER OF SAID LOT 1, THENCE SOUTH ALONG SAID PARALLEL LINE, 5.20 FEET TO A POINT 72 FEET SOUTH OF THE NORTH LINE OF SOUTH LOT 1, THENCE EAST PARALLEL WITH THE NORTH LINE OF SAID LOT 1, 3.20 FEET TO A POINT OF INTERSECTION WITH THE PROLONGATION OF A CURVED LINE OF 1163 FEET RADIUS HEREIN BEFORE DESCRIBED, THENCE SOUTHEASTERLY ALONG SAID CURVED LINE 105.94 FEET AS MEASURED ALONG THE CHORD TO A POINT IN THE EAST LINE OF SAID LOT 1, 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211 FEET OF BLOCK 24;

AND ALSO EXCEPT THAT PART OF LOT 1 DESCRIBED AS FOLLOWS:

BEGINNING IN THE NORTH LINE OF SAID LOT 1, 197.85 FEET EAST OF THE NORTHWEST CORNER THEREOF; THENCE EAST ALONG SAID NORTH LINE 10 FEET TO THE NORTHWEST CORNER OF SAID LOT 1; THENCE SOUTH ALONG THE EAST LINE OF SAID LOT 1 TO A POINT 46.35 FEET NORTH OF THE SOUTH LINE OF THE NORTH 211 FEET OF BLOCK 24 AFORESAID; THENCE NORTHWESTERLY ALONG A CURVED LINE CONVEX TO THE NORTHEAST WITH A RADIUS OF 11.63 FEET, 105.94 FEET TO THE INTERSECTION OF SAID CURVED LINE WITH A LINE DRAWN 72 FEET SOUTH OF AND PARALLEL WITH THE NORTH LINE OF SAID LOT 1 AT A POINT 51.15 FEET WEST OF THE EAST LINE OF SAID LOT 1; THENCE EAST ALONG SAID PARALLEL LINE 41.15 FEET; THENCE NORTH PARALLEL WITH SAID EAST LINE TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

Pins: 05-20-213-005-0000; 05-21-109-012-0000; 05-21-109-017-0000; 05-21-109-003-0000; 05-20-213-006-0000

PARCEL 7:

THAT PART OF LOT 16 (EXCEPT THE EAST 40 FEET THEREOF) DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF LOT 16, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 108.63 FEET TO THE POINT OF BEGINNING, THENCE CONTINUING WEST ALONG THE SOUTH LINE OF LOT 16, A DISTANCE OF 41.37 FEET, TO THE WEST LINE OF SAID LOT 16, THENCE NORTH ALONG THE WEST LINE OF SAID LOT 16, A DISTANCE OF 100 FEET, TO THE NORTH LINE OF SAID LOT 16, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 16, A DISTANCE OF 61.47 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16 A DISTANCE OF 44.18 FEET, THENCE WEST AND PARALLEL TO THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 20.10 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16, A DISTANCE OF 55.82 FEET TO THE SOUTH LINE OF SAID LOT 16, BEING ALSO A POINT OF BEGINNING ALL IN MCGUIRE AND ORR'S ARBOR VITAE ROAD SUBDIVISION OF BLOCK 4 AND THAT PART OF BLOCK 5 LYING EAST OF THE EAST LINE OF LINCOLN AVENUE IN WINNETKA, A SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 20, AND THE NORTH FRACTIONAL 1/2 OF SECTION 21, TOWNSHIP 42 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 8:

EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 7 AS CONTAINED IN THE MUTUAL EASEMENT AGREEMENT AND MUTUAL GRANT OF EASEMENT RECORDED NOVEMBER 29, 2016 AS DOCUMENT 1633449394 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY, ILLINOIS.

PIN No.: 05-21-100-109-0000