IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Romspen Mortgage Limited Partnership,<br><br>                        Plaintiff,<br><br>             v.<br><br>SB Winnetka, LLC, *et al.*,<br><br>                        Defendants. | No. 19-cv-05610<br><br>Judge Matthew F. Kennelly<br><br>**NON-RESIDENTIAL** |

## ORDER FOR JUDICIAL SALE

This matter comes before the Court pursuant to the Judgment of Foreclosure entered by this Court on September 16, 2020 [Dkt. No. 234], for entry of an order for judicial sale of the property legal described at **Exhibit A** attached hereto, (the "Property"). Due and proper notice having been given, and the Court being fully advised in the premise,

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.       On August 20, 2019, Romspen Mortgage Limited Partnership ("Plaintiff") filed its Verified Complaint for Mortgage Foreclosure and Other Relief ("Complaint") herein to, *inter alia*, foreclose its first mortgage on the Property, recorded with the Cook County Recorder of Deeds on February 16, 2017 as Document No. 1704719194 (the "Mortgage"). [Dkt. No. 1].

B.       On October 16, 2019, Paint Jar, Inc. d/b/a JAR Corp. ("JAR Corp.") filed a Verified Answer, Affirmative Defense, Counterclaim and Cross Claim ("Counterclaim") asserting priority lien rights and interests relating to the Property pursuant to its claim for mechanic's lien recorded with the Cook County Recorder of Deeds on May 18, 2018 as Document No. 1813806123 ("JAR Corp. Lien"). [Dkt. No. 51].

C. Plaintiff timely filed for partial summary judgment (the "Motion") on February 24, 2020, seeking summary judgment against SB Winnetka, LLC ("Borrower"), SB One Winnetka, LLC, CA Residential One Winnetka, LLC and the Village of Winnetka on Counts I and II of the Complaint, and against Guarantor on Count III of the Complaint. [Dkt. No. 161].

D. This Court entered the Stipulated Judgment relating to SB One Winnetka, LLC and Borrower only on August 18, 2020 ("Borrower Judgment"). [Dkt. No. 228].

E. After briefing on the Motion concluded, the Court granted the Motion and entered the Judgment of Foreclosure on September 16, 2020. [Dkt. No. 234].

F. Pursuant to the Judgment of Foreclosure, "[u]pon resolution of the mechanic's lien priority claims, Plaintiff shall submit a proposed order to the Court providing for the sale of the Property."

G. JAR Corp. is the only mechanic's lien claimant that asserted lien rights against the Property.

H. On October 8, 2020, JAR Corp. executed that certain Subordination Agreement, subordinating the JAR Corp. Lien to Rompsen's Mortgage. The Subordination Agreement was recorded with the Cook County Recorder of Deeds on March 2, 2021, as Document No. 2106122036.

I. Pursuant to the Judgment of Foreclosure, as of February 19, 2020, Plaintiff was owed not less than the sum of $15,439,102.34. [Dkt. No 234]

J. Pursuant to the Borrower Judgment, as of July 28, 2020, Plaintiff was owed not less than the sum of $16,761,380.55. [Dkt. No. 228].

K.  Additional amounts due to Plaintiff subsequent to July 28, 2020, total $482,891.03, excluding post-judgment interest from July 28, 2020, pursuant to the Declaration of Lynne Moore filed May 4, 2021. [Dkt. No. 301.]

L.  Since July 28, 2020, Lender has advanced $99,427.23 in property protective advances for the Property, including, but not limited to, payments associated with the court approved receivership.

M.  Since July 28, 2020, Lender has advanced $133,649.26 for tax and insurance payments for the Property.

N.  Since July 28, 2020, Lender has expended $249,814.54 in attorney's fees and costs related to its exercise of rights under the Loan Documents.

O.  Since entry of the Borrower Judgment, statutory judgment interest has accrued pursuant to 28 U.S.C. § 1961.

P.  Borrower is responsible for Lender's attorneys' fees and costs pursuant to Section 9.3 of the Mortgage.

Q.  Thus, as of May 4, 2021, Plaintiff is owed a total of $17,244,271.58, plus per diem statutory judgment interest from the date of entry of the Judgment of Foreclosure, and attorney's fees and costs of collection through the date that the Property is sold (collectively, the "Indebtedness").

R.  Consistent with the evidence presented and considered herein, Plaintiff has established its right to recover from the Property the total Indebtedness due under the Loan Documents together with reasonable attorneys' fees, all interest thereon at the statutory rate and additional costs, including Receiver fees, protective advances, publication costs and expenses of sale.

**IT IS HEREBY ORDERED:**

1. An Order of Sale is entered as to the Property legally described at Exhibit A attached hereto, only.

2. The Property shall be sold to satisfy the Indebtedness due to Plaintiff.

3. In the event of sale, Borrower, all Unknown Owners, and Unknown and Non-Record Claimants, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the Property.

4. Borrower has waived the right of redemption and/or reinstatement.

5. The Property shall be sold free and clear of all liens and encumbrances except for all unpaid real estate taxes and any easements and restrictions of record.

6. Upon confirmation of the sale, the Court shall issue a deed and a bill of sale, pursuant to 735 ILCS 5/2-1304 and 735 ILCS 5/15-1509, to the purchaser, and such purchaser shall have possession of the Property upon expiration of the redemption period described herein.

7. After notice of the sale is made in accordance with the provisions of 735 ILCS 5/15-1507(c), the Property shall be sold to the highest bidder for cash at a public auction conducted by the Judicial Sales Corporation (the "Selling Officer").

8. The notice of sale shall include all information as stated in 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or counsel for Plaintiff. Immaterial error in the information shall not invalidate the legal effect of the notice.

9. In the event that Plaintiff fails to provide the Selling Officer with its initial bid, then the Selling Officer shall continue the sale to a date as mutually agreed upon by the

Selling Officer and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated and held for naught.

10. The Property shall be sold for cash to the highest bidder with all sums due at the time of sale unless other terms are agreed to by the Plaintiff. Plaintiff shall have the right to bid for the Property at the public sale. In the event Plaintiff is the purchaser of the Property (or any portion thereof) at such sale, Plaintiff shall be entitled to "credit bid" and offset against the purchase price of such Property the amounts due under this Order and the order confirming the sale of the Property to the extent of its priority.

11. Any purchaser at the sale takes subject to any and all liens, encumbrances and any existing defects in title, not otherwise cleared by this Order. Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances or title defects nor makes any warranties, either express or implied, by virtue of the sale.

12. After notice of the sale is given as required by statute, a copy thereof shall be filed in the Office of the Clerk of the Court together with a certificate of counsel or other proof that notice has been served in compliance with this Order.

13. The person named in the notice of sale to be contacted for information about the Property may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

14. Upon and at the sale of the Property, the Selling Officer shall give the purchaser(s) a receipt of sale. The receipt shall describe the Property purchased and shall allow the amount bit, the amount paid, the total amount paid to date and the amount still to

be paid therefore. An additional receipt shall be given at the time of each subsequent payment, if applicable.

15. Upon payment in full of the amount bid, the Selling Officer shall issue, in duplicate, and give to the purchaser(s) a certificate of sale. The certificate of sale shall be in recordable form, describe the Property purchased, indicate the date and place of sale and show the amount paid therefor. The certificate of sale shall further indicate that it is subject to confirmation by the Court. The duplicate certificate may be recorded in accordance with statutory provisions. The certificate of sale shall be freely assignable by endorsement thereon.

16. Any bid at sale shall be deemed to include, without the necessity of a court order, interest at the statutory judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment.

17. Exceptions to which title in the Property shall be subject at the sale shall include easements and restrictions of record, if any.

18. Upon or after confirmation of the sale and payment of the purchase price and any other amounts required to be paid by the purchaser(s) at sale, the Selling Officer shall, upon the request of the holder(s) of the certificate of sale (or the purchaser(s), if no certificate of sale was issued), promptly execute a deed to the holder(s) of the certificate of sale (or purchaser(s)) sufficient to convey title. Such deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority to this Judgment and of the giving of the notice required by the Foreclosure Statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain

any covenant on the part of the person executing it. If the deed issues to a grantee prior to the expiration of the period for appealing the confirmation of sale, and the grantee conveys title to another party within that period, that other party will not be deemed a bona fide purchaser unless and until such period expires without an appeal having been filed or, an appeal having been filed, such is denied or withdrawn.

19. Delivery of the deed executed on the sale of the Property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass title thereto.

20. Such a conveyance by deed shall be an entire bar of all claims, if any, of the parties of this foreclosure against the Property, including, but not limited to, those of SB One Winnetka, LLC, SB Winnetka, LLC, CA Residential One Winnetka, LLC, Sowlat Engineers, P.C. d/b/a Sowlat Structural Engineers, Fox Valley Fire & Safety Co., Paint Jar Inc. d/b/a JAR Corp, Okrent Kisiel Associates, Inc., Lucien LaGrange Studio, LLC, Evans Construction/Consulting LLC, Village of Winnetka; Signature Bank, Unknown Owners and Unknown and Non-Record Claimants.

21. The proceeds resulting from the sale ordered herein (the "Sale Proceeds") shall be applied in the following order:

   a. To the Plaintiff for any reasonable expenses of sale;

   b. To the Plaintiff for the Indebtedness, including reasonable attorneys' fees and costs as determined by the Court; and

   c. Any surplus Sale Proceeds shall be remitted to the Selling Officer and held until further order of the Court. If there is a surplus, the Selling Officer shall send written notice to all parties to the proceeding advising them of the amount of the surplus and that the surplus shall be held until a party obtains an order of Court for its distribution or until, in the absence of an order, the surplus is forfeited to the State of Illinois.

22. The Property ordered sold hereunder is not an "estate of homestead" as defined in any applicable statutory provisions, and, accordingly, Borrower has no right to homestead or other exemptions in the Property.

23. The Court retains jurisdiction over the subject matter of this action and all parties hereto for the purpose of determining and enforcing this judgment order and confirming the sale.

24. The Court has approved the portion of the lien attributable to attorneys' fees only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Borrower in the event of redemption by Borrower (if applicable), or a deficiency judgment, or otherwise. In the event of redemption or for purposes of any personal deficiency judgment, this Court reserves the right to review the amount of attorneys' fees to be included for either purpose.

Dated: May 24, 2021

_____
HONORABLE MATTHEW F. KENNELLY

**EXHIBIT A**

PARCEL 7:

THAT PART OF LOT 16 (EXCEPT THE EAST 40 FEET THEREOF) DESCRIBED AS FOLLOWS: COMMENCING AT THE SOUTHEAST CORNER OF LOT 16, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 108.63 FEET TO THE POINT OF BEGINNING, THENCE CONTINUING WEST ALONG THE SOUTH LINE OF LOT 16, A DISTANCE OF 41.37 FEET, TO THE WEST LINE OF SAID LOT 16, THENCE NORTH ALONG THE WEST LINE OF SAID LOT 16, A DISTANCE OF 100 FEET, TO THE NORTH LINE OF SAID LOT 16, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 16, A DISTANCE OF 61.47 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16 A DISTANCE OF 44.18 FEET, THENCE WEST AND PARALLEL TO THE SOUTH LINE OF SAID LOT 16, A DISTANCE OF 20.10 FEET, THENCE SOUTH AND PARALLEL TO THE EAST LINE OF SAID LOT 16, A DISTANCE OF 55.82 FEET TO THE SOUTH LINE OF SAID LOT 16, BEING ALSO A POINT OF BEGINNING ALL IN MCGUIRE AND ORR'S ARBOR VITAE ROAD SUBDIVISION OF BLOCK 4 AND THAT PART OF BLOCK 5 LYING EAST OF THE EAST LINE OF LINCOLN AVENUE IN WINNETKA, A SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 20, AND THE NORTH FRACTIONAL 1/2 OF SECTION 21, TOWNSHIP 42 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 8:

EASEMENTS APPURTENANT TO AND FOR THE BENEFIT OF PARCEL 7 AS CONTAINED IN THE MUTUAL EASEMENT AGREEMENT AND MUTUAL GRANT OF EASEMENT RECORDED NOVEMBER 29, 2016 AS DOCUMENT 1633449394 FOR INGRESS AND EGRESS, ALL IN COOK COUNTY, ILLINOIS.